JESSE H. JONES, JR. v. DEPARTMENT OF HUMAN RESOURCES

No. 105

(Filed 15 July 1980)

**State § 12— State employee discharged—procedural due process denied—reinstatement without back pay proper**

Where a permanent State employee is dismissed for inadequate performance of duty reasons, without sufficient warnings as required by G.S. 126-35, upon reinstatement of the employee, the decision of whether to award back pay and benefits is within the sound discretion of the Personnel Commission. The Commission did not abuse its discretion in this case by reinstating petitioner but failing to award him back wages where the Commission made no legal conclusion concerning the substantive grounds for petitioner's dismissal and concluded the only right of petitioner which was violated was his right to procedural due process, that is, to the warnings required by G.S. 126-35; petitioner's right to receive the warnings was safeguarded by the Commission's action in reinstating him to his prior position of employment; and the Commission could properly conclude that any award greater than reinstatement would be a windfall to petitioner rather than compensation.

ON the State's petition for discretionary review of an opinion of the Court of Appeals reported at 44 N.C. App. 116, 260 S.E. 2d 654 (1980) (opinion by *Judge Martin (Robert M.)*, with *Judges Arnold* and *Erwin* concurring in result), affirming judgment of the Superior Court, WAKE County, entered 23 August 1978, reversing a decision of the State Personnel Commission (Commission). The State's motion for discretionary review pursuant to G.S. 7A-31 was allowed on 6 February 1980.

In brief summary the facts pertinent to this action are as follows: Petitioner, Jesse Jones, was employed by the Governor Morehead School as a Boiler Room Operator I in June or July 1976. His job duties consisted of taking readings on the boiler gauges and water levels and recording them in a log book. Petitioner was employed on an 8:30 p.m. to 4:30 a.m. shift, and each hour he was to make rounds of the School's campus, and record the boiler readings in his log book. Petitioner was also required to make simple repairs on the boilers and to provide for their regular maintenance. Petitioner was given specific instructions that if he found unknown persons on the campus during his rounds he was to ask them to leave. If they refused to leave he was instructed to obtain license numbers and call the Raleigh Police or the State Security Force. The record indicates petitioner specifically failed to follow these instructions concerning trespassers on two separate occasions.

On 3 December 1976 petitioner was dismissed from his job following one oral warning concerning failure to keep the boiler room clean, and a written warning containing six areas in which petitioner's job performance needed to be improved. [The record is unclear as to whether or not petitioner ever received this written warning.] Petitioner appealed his dismissal through the departmental grievance machinery, and on 17 February 1978 was granted a hearing before E. D. Maynard III, hearing officer for the State Personnel Commission. Hearing officer Maynard concluded that the respondent, Department of Human Resources, had not presented sufficient evidence to justify petitioner's summary dismissal for inappropriate personal conduct on the grounds of intoxication, and that petitioner's dismissal for causes relating to performance of duties was ineffective due to the respondent's failure to provide petitioner with sufficient warnings as required by G.S. 126-35. Hearing officer Maynard therefore recommended:

(1) that petitioner be reinstated to his former position or to comparable employment in another agency, (2) that petitioner be reimbursed for his net pecuniary loss from December 3, 1976 through his re-employment, (3) and (4) that all petitioner's sick and vacation leave and other benefits be restored as if the petitioner had never been dismissed, and (5) that appropriate attorney's fees be awarded to counsel representing petitioner.

On 28 April 1978 the Commission considered petitioner's dismissal and adopted *in toto* the findings of fact and conclusions of law of the hearing officer. However the Commission failed to adopt in full the hearing officer's recommendations for relief. Refusing to adopt recommendations 2 through 4, the Commission recommended an award of appropriate attorney's fees and recommended that petitioner be reinstated to his former position as Boiler Room Operator I. The Commission ruled "[i]n view of Petitioner's work record . . . it would be inappropriate to award back pay in this matter. . . ."

Petitioner Jones appealed to the Superior Court, Wake County, which made its own findings of fact and concluded that "the Commission's failure and refusal to reimburse the Petitioner for his net pecuniary loss from December 3, 1976 to the date of reinstatement was arbitrary, capricious and contrary to the Commission's own findings and conclusions." Judge Bailey therefore reversed the Commission and ordered not only that petitioner be reinstated, but that he be compensated for his lost wages from December 3, 1976 to May 2, 1978.

From this order the Department of Human Resources appealed to the Court of Appeals which affirmed the Superior Court, Wake County, and we granted discretionary review of that opinion. Other facts necessary to the decision of this case will be discussed in this opinion.

*Attorney General Rufus L. Edmisten by Ann Reed, Special Deputy Attorney General, and Robert R. Reilly, Assistant Attorney General, for the Department of Human Resources-appellant.*

*Hollowell, Silverstein, Rich and Brady, by Ben A. Rich, for the petitioner-appellee.*

BROCK, Justice.

This petition presents for our review, the scope of discretion lodged with the North Carolina Personnel Commission in determining remedies for wrongfully discharged, permanent State employees. For the purposes of this action, all parties have recognized that the petitioner is entitled to the protections of Article VIII, Chapter 126, of the General Statutes. Also, the appellant, Department of Human Resources, does not take exception to the Commission's conclusion that the petitioner was dismissed for insufficient cause due to lack of warnings prior to dismissal. Appellant seeks our review of the Court of Appeals' holding that having found and concluded that petitioner was wrongfully discharged, the Commission's failure to grant to petitioner all of the relief authorized by statute constituted an arbitrary abuse of discretion.

For the reasons which follow we disagree with the Court of Appeals and hold that where a permanent State employee[1] is dismissed for performance of duty reasons, without sufficient warnings as required by G.S. 126-35, upon reinstating the employee the decision whether or not to award back pay and benefits is within the sound discretion of the Personnel Commission. We also hold that in this case the Commission's failure to award such benefits did not constitute an abuse of this discretion.

Pursuant to G.S. 126-35 a permanent State employee may be dismissed for one of two reasons: (1) Inadequate performance of duties, or (2) personal conduct detrimental to State service. An employee may be suspended without warning for causes relating to personal conduct. In this case, however, hearing officer Maynard concluded that there was insufficient evidence to warrant petitioner's summary dismissal on the grounds of personal conduct. The only other ground upon which petitioner could be discharged from his employment with the Governor Morehead School was for inadequacy in his job performance. Prior to

---

1. G.S. 126-39 Session Laws C. 866, S. 15 (1977) provides that for purposes of employee grievances brought pursuant to Article VIII of Chapter 126 of the General Statutes (except for appeals brought under G.S. 126-16 and 126-25), the term permanent State employee means one who has been employed continuously by the State of North Carolina for 5 years at the time of the act, grievance or employment practice complained of. Under the amended statute, petitioner, who was employed approximately 6 months, would not be protected by the act.

dismissal for causes relating to performance of duties, a permanent State employee is entitled to three separate warnings that his performance is unsatisfactory. He must receive: (1) an oral warning explaining how he is not meeting the job's requirements; (2) a second oral warning outlining his unsatisfactory performance with a follow-up letter reviewing the points covered by the oral warning; (3) a final written warning setting forth in numerical order the specific acts or omissions that are the reasons for the disciplinary action, and the employee's appeal rights. Only after receiving these three separate warnings may an employee be dismissed for unsatisfactory performance of duties. G.S. 126-35; *see also* 1 N.C. A.C. 8 J. 0605. It was solely on the basis of inadequate warnings prior to dismissal that hearing officer Maynard concluded petitioner had been dismissed without sufficient cause. On this basis, he recommended petitioner's reinstatement as well as full back pay and benefits from the date of petitioner's employment termination. Whether or not the Commission, after adopting hearing officer Maynard's findings and conclusions, had the discretion not to follow his recommendations regarding restitution is the question now facing us.

G.S. 126-4 outlines the powers and duties of the State Personnel Commission. G.S. 126-4(9) provides that the Commission shall investigate complaints and hear appeals of employees, and issue "binding corrective orders or such other *appropriate action* concerning employment, promotion, demotion, transfer, discharge and reinstatement in all cases *as the Commission shall find justified.*" (Emphasis ours.) G.S. 126-37 also provides the Commission, or its designee, with power to investigate and conduct hearings upon any case appealed to the Commission. After such a hearing the Commission is *authorized* "to reinstate any employee to the position from which he has been removed . . . , to direct other suitable action to correct the abuse *which may include* the requirement of payment of any loss in salary. . . ." (Emphasis ours.) In *Underwood v. Howland, Comr. of Motor Vehicles,* 274 N.C. 473, 479, 164 S.E. 2d 2, 6 (1968), Justice Huskins writing for the Court stated "[i]f the language of a statute is clear and unambiguous, judicial construction is not necessary. Its plain and definite meaning controls. [Citation omitted.]" From the clear statutory language quoted above it is apparent the Legislature intended the Commission to have a certain degree of discretion in

the fashioning of remedies for wrongfully discharged, permanent State employees.

We must now turn to the question of whether or not on the facts of this case the Commission abused the discretion vested in it by the Legislature in refusing to award back wages and benefits to the petitioner. Pursuant to G.S. 126-37 and 126-4(9), noted above, the Commission has the authority to fashion appropriate remedies for unjustified dismissal of permanent State employees. In reviewing the Commission's choice, this Court, or any reviewing court, is limited to a review of whether or not the Commission acted capriciously, arbitrarily, in bad faith or disregard of the law. *Burton v. Reidsville*, 243 N.C. 405, 90 S.E. 2d 700 (1955). Chief Justice Barnhill writing for the Court in *Burton* noted:

> "when the jurisdiction of a court is properly invoked to review the action of a public official to determine whether he, in choosing one of two or more courses of action, abuses his discretion, the court may not direct any particular course of action. It only decides whether the action of the public official was contrary to law or so patently in bad faith as to evidence arbitrary abuse of his right of choice." *Id.* at 407, 90 S.E. 2d at 702, 703.

In the case *sub judice* the Commission found and concluded that petitioner was dismissed for insufficient cause because the employer failed to give petitioner sufficient warnings prior to dismissal. We are concerned in this case with the exercise of discretion by the Commission where a permanent State employee is discharged without adequate warnings as required by statute. Therefore we do not reach the question of the Commission's discretion in formulating remedies where an employee has been discharged without "just cause." *See* G.S. 126-35.

In *Carey v. Piphus*, 435 U.S. 247, 55 L.Ed. 2d 252, 98 S.Ct. 1042 (1978), parents of two elementary school students, acting as guardians ad litem, sought damages pursuant to 42 U.S.C. 1983, alleging that the suspension of their children from school for drug use without a prior hearing, violated the children's due process rights under the Fourteenth Amendment. The Supreme Court agreed that the dismissal constituted a violation of the students' due process rights and held that "the denial of procedural due

process should be actionable by nominal damages [not to exceed $1.00] without proof of actual injury." *Id.* at 266, 267, 55 L.Ed. 2d at 267, 98 S.Ct. at 1054. In so holding the court recognized the independent need to protect the procedural due process rights of an accused. However, the Supreme Court agreed with the 7th Circuit Court of Appeals and refused to award more than nominal damages, noting that the failure to accord procedural due process could not properly be viewed as the *cause* of the suspensions, and to award greater than nominal damages would "constitute a windfall rather than compensation. [Citations omitted.]" *Id.* at 260, 55 L.Ed. 2d at 263, 98 S.Ct. at 1050.

The Supreme Court's reasoning in *Piphus* is directly applicable to the case at bar. Failure on the part of the Governor Morehead School to provide petitioner with adequate warnings cannot be considered the *cause* of his dismissal. Petitioner's due process right to receive the warnings required by G.S. 126-35 was safeguarded by the Commission's action in reinstating petitioner to his prior position of employment. Based on the factual findings, without abusing its discretion, the Commission could properly conclude that any award greater than reinstatement would be a "windfall" to the petitioner. Since the Commission made no legal conclusion concerning the substantive grounds for petitioner's dismissal and concluded the only right of petitioner which was violated was his right to procedural due process, we cannot conclude that the Commission abused its discretion, acted in bad faith, or contrary to law by limiting petitioner's remedies for a solely procedural violation of the State employee's grievance procedure.

We therefore hold that pursuant to Article VIII of Chapter 126 of the General Statutes, the Personnel Commission has discretion in fashioning the remedies to be awarded to permanent State employees discharged without procedural due process. We also hold that in this case where the employee was dismissed without warnings as required by G.S. 126-35, the Commission did not abuse its discretion in refusing to award petitioner back pay and benefits. Due to this conclusion the decision of the Court of Appeals is reversed, and this cause is remanded to the Court of Appeals for further remand to the Superior Court for entry of an order vacating the judgment of Superior Court entered in this

cause on 23 August 1978, and entering in lieu thereof a judgment affirming the decision of the State Personnel Commission.

Reversed and remanded.