IN THE MATTER OF: GREGORY P. LUCK, PETITIONER APPELLEE v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENT APPELLANT

No. 8010SC452

(Filed 16 December 1980)

**State § 12— dismissed employee — notice of appeal rights required**

Due process under the U. S. and N. C. Constitutions requires that a permanent State employee who has been dismissed be provided with a statement in writing setting forth his rights of appeal before the 15 and 30 day time limits for notice of appeal provided in G.S. 126-35 and G.S. 126-38 commence to run.

APPEAL by Employment Security Commission of North Carolina from *Braswell, Judge.* Judgment entered 21 February 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 5 November 1980.

Gregory Luck was employed by the Employment Security Commission of North Carolina (hereinafter Commission) from 1975 to 1978. In 1977 he was injured in an automobile accident while on Commission business. He thereafter took a leave of absence and commenced receiving worker's compensation benefits. Upon information received, the Commission dismissed Luck from his employment on 24 July 1978 for working at a job with physical requirements exceeding those required in his work for the Commission. The dismissal letter to Luck of 24 July 1978 did not contain any notification to him of his rights to appeal the dismissal.

Mr. W. G. Mitchell, attorney for Luck, wrote several letters to the Commission concerning Luck's dismissal, but never received any answers to the substantive questions he asked. On 2 October 1978, Luck was certified by his doctor as being able to return to work and reported to the Commission for work, where he was told that he had been dismissed from employment. On 11 October 1978 attorney Mitchell formally requested an appeal to the State Personnel Commission of Luck's dismissal from employment. Respondent at no time advised Luck or his attorney of his appeal rights.

After hearing before officer Maynard of the State Personnel Commission, the officer denied the respondent's motion to dismiss the

appeal as being untimely. The officer found that the Commission failed to advise Luck of his appeal rights. Therefore, the time limit on his appeal had not started to run, and the appeal to the State Personnel Commission on 11 October 1978 was timely. He further held Luck had been unlawfully dismissed from employment and ordered him reinstated to his former position with certain payments and benefits.

The respondent commission requested a rehearing and appealed to the full State Personnel Commission. After hearing, the full Personnel Commission affirmed the findings of officer Maynard, adopted them as its own, and ordered the same relief for Luck. Respondent appealed to the Superior Court of Wake County and Judge Braswell, after hearing, entered judgment affirming the decision of the State Personnel Commission. From this judgment, respondent appeals.

*W. G. Mitchell for petitioner appellee.*

*Howard G. Doyle, Chief Counsel, and Gail C. Arneke, Staff Attorney, for respondent appellant.*

MARTIN (Harry C.), Judge.

The only question presented by this appeal is whether Luck's appeal was timely. It appears that this is a case of first impression in North Carolina. The pertinent provisions of N.C.G.S. 126-35 and 126-38 are:

§ 126-35. . . . . Any employee appealing any decision or State Personnel Act shall be discharged, suspended, or reduced in pay or position, except for just cause. In cases of such disciplinary action, the employee shall, before the action is taken, be furnished with a statement in writing setting forth . . . the employee's appeal rights. The employee shall be permitted 15 days from the date the statement is delivered to appeal to the head of the department. . . . The employee, if he is not satisfied with the final decision of the head of the department, . . . may appeal to the State Personnel Commission. Such appeal shall be filed not later than 30 days after receipt of notice of the department head's decision.

§ 126.38. . . . . Any employee appealing any decision or action to the Commission shall file a written statement of appeal with the Commission or its designate no later than

30 days after receipt of notice of the decision or action which triggers the right of appeal.

Luck was a permanent employee within the meaning of N.C.G.S. 126-1, et seq. The Commission admits that it violated N.C.G.S. 126-35 by failing to advise Luck of his right to appeal. Nevertheless, the Commission contends the 30-day period for filing notice of appeal continued to run. We do not agree. N.C.G.S. 126-35 establishes a condition precedent that the employer must fulfill before disciplinary action against an employee may be taken. *See Jones v. Department of Human Resources,* 300 N.C. 687, 268 S.E.2d 500 (1980). The employer must furnish the employee with a written statement containing the specific acts or reasons for the disciplinary action and the employee's appeal rights.

In *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548 (1972), the Supreme Court of the United States established that a statute such as N.C.G.S. 126-35 creates an interest in continued employment that is safeguarded by due process under the Fourteenth Amendment of the United States Constitution. This interest arises from the act of the legislature and not from the contract of employment. *See also Faulkner v. North Carolina Dept. of Corrections,* 428 F. Supp. 100 (1977).

The purpose of the statute is to notify the employee of the reasons for the disciplinary action and to advise him of his rights to appeal the disciplinary action. We hold that due process under the United States and North Carolina constitutions requires that an employee be provided with a statement in writing setting forth his rights of appeal before the 15-day and 30-day time limits contained in N.C.G.S. 126-35 and 126-38 commence to run. This the respondent commission has failed to do. The appeal by Luck was timely.

The judgment of the superior court is affirmed.

Chief Judge MORRIS and Judge WEBB concur.