IN THE MATTER OF: EMPLOYMENT SECURITY COMMISSION OF NORTH CARO-
LINA, APPELLANT v. STEVE WELLS, APPELLEE

No. 8010SC433

(Filed 20 January 1981)

**State § 12— dismissal of State employee — notice of reasons**

    The Employment Security Commission failed to give respondent proper notice
of the reasons for his dismissal as an employee as required by G.S. 126-35 where the
only information given respondent concerning the reasons for his dismissal was
contained in the letter of dismissal which stated that respondent violated agency
procedure in attempting to recruit migrant workers from Florida by phone and
personal visit, repondent had required growers to use crew leaders even though
workers were not a part of a crew, respondent had forced workers to work for a
designated crew leader even though the workers preferred not to work in a crew, and
respondent violated agency procedure by not reporting illegal aliens, since the letter
did not describe any incidents with sufficient particularity so that respondent could
know precisely what acts or omissions were the basis of his discharge.

APPEAL by petitioner from *Herring, Judge.* Judgment entered 4
February 1980 in Superior Court, WAKE County. Heard in the Court of
Appeals 4 November 1980.

Respondent, Steve Wells, was formerly employed by petitioner,
the Employment Security Commission, as a Rural Manpower Repre-
sentative I at the Burlington local office. Respondent's duties in this
position were connected with administering federal and state law and
regulations concerning migrant workers.

On 2 November 1977, petitioner suspended respondent from his
job without pay pending an investigation into allegations that respond-
ent has violated laws and petitioner's policies in the performance of
his duties.

On 26 January 1978, petitioner through its chairman, Manfred
Emmrich, offered respondent reinstatement to a different job site
without back pay until the investigation was completed and a decision
reached on respondent's job status. Respondent did not accept the
offer of reinstatement.

On 3 May 1978, respondent requested from John Fleming, direc-
tor of petitioner's employment security division, the identity of the
persons who had made allegations against him, but Mr. Fleming did
not furnish respondent with this information.

Petitioner dismissed respondent from his job by letter dated 9 June 1978. The dismissal was effective as of 2 November 1977. The following reasons for dismissal were contained in petitioner's letter.

1. Violated Agency Procedure in attempting to recruit workers from Florida by phone and personal visit.

2. Required growers to use crew leaders even though workers were not a part of a crew nor did the crew leader provide any service for his fee.

3. Forced workers to work for designated crew leader even though the workers preferred not to work in a crew. Workers who questioned assignment to a crew were threatened with loss of job or deportation.

4. Violated Agency Procedure by not reporting illegal aliens.

Petitioner did not inform respondent of his rights of appeal.

On 19 June 1978, respondent appealed his dismissal to the State Personnel Commission. Prior to this appeal, respondent had requested from petitioner specific details concerning the four reasons for his dismissal. On 6 July 1978, petitioner replied to respondent's request for specific information saying that its 9 June 1978 letter of dismissal constituted a detailed account of the wrongdoings as required by the State Personnel Act and the State Personnel Manual. Respondent's request for a copy of the SBI report of the investigation made of him was denied. The SBI refused to furnish the report without a court order. Petitioner supplied respondent with no further information.

On 8 and 11 December 1978, and 21 March 1979, the State Personnel Commission held hearings on respondent's dismissal. The issues on appeal were whether petitioner had just cause to dismiss respondent, and whether petitioner complied with State law and personnel policy in effecting the dismissal. At the end of the presentation of petitioner's evidence, and on respondent's motion, the hearing officer entered an order finding that petitioner had not carried its burden of proof, and making recommendations for a decision in favor of respondent.

Petitioner excepted to the findings of fact, conclusions and recommendations of the hearing officer. The matter was heard by the full

the full State Personnel Commission on 18 May 1979. Its "Decision and Order" was issued 21 May 1979, adopting the findings of fact and conclusions of the hearing officer. It ordered its own remedies. Specifically, it adopted the granting of respondent's motion to dismiss due to petitioner's failure to carry the burden of proof necessary to show just cause for a dismissal. The Commission ordered, among other things, that petitioner offer respondent the option of being reinstated to the same position in another location, or reinstate respondent in a position of comparable responsibility at his former salary in the same local office.

Petitioner petitioned the superior court for review of the decision and order of the commission. The matter was heard by the superior court on 28 January 1980. The judgment of the superior court held that the findings of fact and decision of the State Personnel Commission were supported by competent, material and substantial evidence and affirmed the commission's decision. Petitioner appealed from that judgment.

*Howard G. Doyle and V. Henry Gransee, Jr., for the Employment Security Commission of North Carolina, petitioner appellant.*

*Latham, Wood and Balog, by James F. Latham, for respondent appellee.*

MORRIS, Chief Judge.

We need not reach the question of whether respondent failed to carry the necessary burden of proof to show just cause for petitioner's dismissal from its employ. Rather, we decide this case on the preliminary question of whether petitioner had given respondent the proper notice of the reasons for his dismissal as required by law. G.S. 126-35 provides in part:

No permanent employee subject to the State Personnel Act shall be discharged, suspended, or reduced in pay or position, except for just cause. *In cases of such disciplinary action, the employee shall, before the action is taken, be furnished with a statement in writing setting forth in numerical order the specific acts or omissions that are the reasons for the disciplinary action and the employee's appeal rights.* The employee shall be permitted 15 days from the date the statement is delivered to appeal to the head of the depart-

ment. A copy of the written statement given the employee and the employee's appeal shall be filed by the department with the State Personnel Director within five days of their delivery . . . . (Emphasis added.)

As a permanent employee of the State, respondent was entitled to the safeguards provided by this statute.

In a recent case, this Court construed the constitutionality and effects of G.S. 126-35. Judge Martin, Harry C., stated with respect thereto:

N.C.G.S. 126-35 establishes a condition precedent that the employer must fulfill before disciplinary action against an employee may be taken. *See Jones v. Department of Human Resources,* 300 N.C. 687, 268 S.E. 2d 500 (1980). The employer must furnish the employee with a written statement containing the specific acts or reasons for the disciplinary action and the employee's appeal rights.

In *Board of Regents v. Roth,* 408 U.S. 564, 33 L.Ed. 2d 548 (1972), the Supreme Court of the United States established that a statute such as N.C.G.S. 126-35 creates an interest in continued employment that is safeguarded by due process under the Fourteenth Amendment of the United States Constitution. This interest arises from the act of the legislature and not from the contract of employment. *See also Faulkner v. North Carolina Dept. of Corrections,* 428 F. Supp. 100 (1977).

The purpose of the statute is to notify the employee of the reasons for the disciplinary action and to advise him of his rights to appeal the disciplinary action . . . .

*Luck v. Employment Security Comm.,* 50 N.C. App. 192, 194, 272 S.E. 2d 607, 608 (1980).

In this instance, the only information given the respondent concerning the reasons for his dismissal was contained in petitioner's letter of dismissal. The letter dated 9 June 1978 gave only the following reasons for respondent's dismissal.

1. Violated Agency Procedure in attempting to recruit workers from Florida by phone and personal visit.

2. Required growers to use crew leaders even though workers were not a part of a crew nor did the crew leader provide any service for his fee.

3. Forced workers to work for designated crew leader even though the workers preferred not to work in a crew. Workers who questioned assignment to a crew were threatened with loss of job or deportation.

4. Violated Agency Procedure by not reporting illegal aliens.

When petitioner appealed his dismissal, he requested specific details regarding the four reasons for the dismissal. He asked for dates and the names of the individuals involved in these incidents. Apparently, he never received any of this information.

The notice, such as it was, was not given *prior* to the disciplinary action as required by G.S. 126-35, but it was given simultaneously with the action in petitioner's letter of dismissal.

G.S. 126-35 imposes an affirmative duty on State agencies to inform discharged employees, in writing, of the "specific acts or omissions" that were the reasons for the disciplinary action. "Specific acts or omissions" implies that these incidents should be described with sufficient particularity so that the discharged employee will know precisely what acts or omissions were the basis of his discharge. There was no specificity in any of the four charges lodged against defendant. There were no names, no dates, and no locations supplied. There was no way for respondent to locate these alleged violations in time or place, or to connect them with any person or group of persons. Furthermore, petitioner refused to correct the deficiency in its information by declining to furnish respondent with any further information upon respondent's request following the dismissal.

To require no more specificity in the notice than was given in this case would render the statute useless. An employee wishing to appeal his dismissal must be able to respond to agency charges and be able to prepare an effective representation. Respondent could do neither of these without more information than was supplied by petitioner in this case.

In accordance with our decision that respondent was not given the proper statutory notice of the reasons for his dismissal, we remand

this case to the superior court with instructions that it remand the matter to the State Personnel Commission with instructions that it dismiss the action due to the lack of proper notice, and that it render respondent a remedy in accord with that dismissal.

Judges WEBB and MARTIN (Harry C.) concur.