Meyers v. Dept. of Human Resources

BRUCE McKINNON MEYERS v. DEPARTMENT OF HUMAN RESOURCES

No. 8710SC1193

(Filed 6 December 1988)

**1. State § 12— employee's demotion—prior administrative warnings not required**

There was no basis in N.C.G.S. § 126-35 or relevant regulations to conclude that lawful procedure required that petitioner be given any administrative warnings before his demotion.

**2. State § 12— employee's demotion—insufficient notice of acts**

Though respondent's original October 1983 notice clearly stated the specific acts underlying its decision to take a particular disciplinary action, i.e., dismissal, the Secretary's August 1984 notice that her decision to demote petitioner was "based upon the information presented" was not an adequate statement of the specific acts or omissions underlying her decision to take a different disciplinary action, i.e., demotion, as required by N.C.G.S. § 126-35, and petitioner's right to appeal to the State Personnel Commission and to the Court of Appeals was thus prejudiced.

APPEAL by petitioner from *Hight (Henry W.), Judge.* Judgment entered 25 June 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 10 May 1988.

*David P. Voerman, P.A., by David P. Voerman, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Ann Reed, for respondent-appellee.*

GREENE, Judge.

This appeal arises from petitioner's demotion as a supervisor with the Department of Social Services, a division of the North Carolina Department of Human Resources (collectively, the "Department"). The record tends to show petitioner was notified in October 1983 that he was being dismissed from his position as a supervisor with the Department. Petitioner appealed this notice of dismissal and departmental hearings were held in June 1984. Based upon his proposed findings and conclusions, the Department hearing officer recommended petitioner be reinstated with back pay. However, the Secretary of the Department concluded petitioner demonstrated "performance deficiencies as supervisor of the New Bern Office [which] were such that his continuation in

that role could no longer be tolerated." The Secretary's letter stated this conclusion was "based upon the information presented . . . ." The Secretary rejected the hearing officer's recommendation and demoted petitioner to a lower level non-supervisory position in the Department's child support enforcement program.

Petitioner appealed the Secretary's decision to the State Personnel Commission (the "Commission"). The Commission's hearing officer recommended that the Secretary's decision be left undisturbed. The full Commission adopted its hearing officer's recommendations and upheld petitioner's demotion. In January 1986, petitioner sought judicial review. After the superior court affirmed the Commission's decision, plaintiff appealed to this Court.

---

The issues presented in petitioner's brief are: I) whether the relevant statutes or regulations required petitioner be given administrative "warnings" prior to his demotion; and II) whether the Department furnished petitioner with a written statement of the reasons for his demotion sufficient to comply with relevant statutes and regulations.

As these proceedings commenced before 1 January 1986 and as the North Carolina Administrative Procedure Act is the exclusive procedure for judicial review of the Commission's decision, the scope of our review is governed by former Section 150A-51. N.C.G.S. Sec. 150A-51 (1984) (codified 1 January 1986 as N.C.G.S. Sec. 150B-51). Although petitioner appeals the superior court's conclusion that the Department's disciplinary action violated none of the six specific grounds set forth in Section 150A-51, the gravamen of petitioner's contentions is that the Department demoted him without complying with certain procedures allegedly required by statute, regulation and the federal constitution. *Cf. In re Appeal of North Carolina Savings and Loan League*, 302 N.C. 458, 465, 276 S.E. 2d 404, 409 (1981) (apply standard of review under Section 150A-51 dealing most directly with "gravamen" of complaint). As noted below, we need not address petitioner's constitutional objections to the Department's actions. Thus, the dispositive issue is whether the Department's disciplinary action complied with those procedures required by relevant statutes and regulations.

I

[1]  Section 126-35 provides in part:

>  No permanent employee subject to the State Personnel
>  Act shall be discharged, suspended, or reduced in pay or posi-
>  tion, except for just cause. In cases of such disciplinary
>  action, the employee shall, before the action is taken, be fur-
>  nished with a statement in writing setting forth in numerical
>  order the specific acts or omissions that are the reasons for
>  the disciplinary action and the employee's appeal rights. The
>  employee shall be permitted 15 days from the date the state-
>  ment is delivered to appeal to the head of the department
>  . . .

N.C.G.S. Sec. 126-35 (1986). Petitioner contends Section 126-35 and
the regulations in effect at the time of his demotion required the
Secretary give him several written administrative "warnings"
before his demotion. We disagree.

On its face, Section 126-35 simply requires a permanent em-
ployee be given a list of the specific acts or omissions which are
the bases for the Department's decision to take a particular
disciplinary action such as dismissal, suspension or demotion.
Delivery of this statement of reasons commences a fifteen-day
period during which the employee must appeal the Department's
decision to take action: the list of reasons under Section 126-35 is
thus not itself a prior administrative "warning" that the employee
may be subject to future disciplinary action unless the specified
acts or omissions are corrected. The list is instead simply a notice
which enables the employee to prepare any administrative or
judicial challenge to the Department's decision to take discipli-
nary action. *See Employment Security Comm'n of North Carolina
v. Wells*, 50 N.C. App. 389, 393, 274 S.E. 2d 256, 259 (1981);
*Leiphart v. North Carolina School of the Arts*, 80 N.C. App. 339,
351, 342 S.E. 2d 914, 922-23, *cert. denied*, 318 N.C. 507, 349 S.E. 2d
862 (1986). Even then, the statute specifically provides that in cer-
tain cases the employee may be temporarily suspended before the
statutory statement of reasons is delivered. Sec. 126-35 (may sus-
pend employee for personal conduct pending delivery of state-
ment).

It is true that regulations adopted in connection with Section
126-35 require three prior administrative warnings and counsel-

ling be given a permanent employee before he is "dismissed" for "unsatisfactory performance of his duties." 25 N.C. Adm. Code 1J.0605; *see also Jones v. Dept. of Human Resources*, 300 N.C. 687, 690-91, 268 S.E. 2d 500, 502-03 (1980) (three warnings before dismissal for job performance also required under prior version of regulation). No regulation requires any administrative warnings be given prior to dismissing a permanent employee for "personal conduct detrimental to state service." 25 N.C. Adm. Code 1J.0608. More important, no regulation at the time of petitioner's demotion mentions any administrative warnings prior to "demotion" as opposed to "dismissal."

Thus, we find no basis in Section 126-35 or relevant regulations to conclude lawful procedure required petitioner be given any administrative warnings before his demotion. Although petitioner has not asserted in his brief a constitutional basis for prior administrative warnings (as opposed to notice under Section 126-35), we note a federal district court has rejected petitioner's claim that federal due process requires administrative warnings before demotion. *Myers v. Dept. of Human Resources of the State of North Carolina*, No. 86-124-CIV-4 (E.D.N.C. 15 April 1987). We further note that the Commission has subsequently promulgated regulations requiring administrative warnings prior to demotion in certain circumstances. 25 N.C. Adm. Code 1J.0611(a)(1) (two warnings when demotion for unsatisfactory job performance); 25 N.C. Adm. Code 1J.0611(a)(2) (no warnings if demoted for personal conduct).

II

[2] Irrespective of any prior warnings, petitioner argues he in any event did not receive under Section 126-35 a written statement of the "specific acts or omissions" that were the reasons for his demotion. We agree. Neither the Secretary's 14 August 1984 letter of demotion nor any prior written communications adequately stated the specific acts or omissions which the Secretary concluded required petitioner's demotion.

On 19 October 1983, petitioner received a letter of dismissal effective immediately. This letter set forth with great detail and in numerical order eleven specific acts and omissions allegedly supporting the Department's decision to dismiss petitioner. Petitioner appealed that notification to an interdepartmental hearing

officer. The hearing officer concluded management presented evidence sufficient to support three of the eleven original allegations. The hearing officer nonetheless recommended that plaintiff be reinstated with back pay "because the Department had not provided the plaintiff with adequate notice of his [performance] deficiencies." However, the Secretary's 14 August 1984 demotion letter stated that, "based on a review of the information presented" to her, she concluded that: (1) petitioner had not received sufficient notice to be dismissed, but (2) petitioner "demonstrated performance deficiencies . . . that . . . could no longer be tolerated." The Secretary thus decided to demote petitioner rather than dismiss him.

As the Secretary was not bound by the hearing officer's recommendations, it is not clear whether her conclusion that plaintiff's behavior demonstrated intolerable performance deficiencies was based on any or all of the hearing officer's findings, upon other acts or omissions noted in the Department's original notice of dismissal, or upon other possible acts or omissions the Secretary discovered during her review of the record. Section 126-35 refers to three separate disciplinary "actions": (1) discharge; (2) suspension; or (3) reduction in pay or position. The Department's original October 1983 notice clearly stated the specific acts underlying its decision to take a particular disciplinary action, i.e. dismissal. However, the Secretary's August 1984 notice that her decision to demote petitioner was "based upon the information presented" is not an adequate statement of the specific acts or omissions underlying her decision to take a different disciplinary action, i.e. demotion. *See Wells*, 50 N.C. App. at 393, 274 S.E. 2d at 259 (incidents must be described with particularity to allow effective appeal). As stated earlier, the purpose of a written list of the employee's acts or omissions under Section 126-35 is to enable the employee to conduct an effective appeal of the disciplinary action taken by the Department by notifying him of the reasons for the disciplinary action and advising him of his right to appeal. *Luck v. Employment Security Comm'n of North Carolina*, 50 N.C. App. 192, 194, 272 S.E. 2d 607, 608 (1980). The statute is designed to prevent the Department from summarily taking disciplinary action and then searching for reasons to justify that action. *See Leiphart*, 80 N.C. App. at 351, 342 S.E. 2d at 922-23. The Secretary's letter is not specific enough to safeguard against the

danger of arbitrary disciplinary action noted in *Leiphart*. Petitioner's right to appeal to the Commission and to this Court was thus prejudiced by the Secretary's failure to specify the acts or omissions justifying her decision to demote petitioner.

As we hold the Department failed to comply with the statutory notice procedures enacted in Section 126-35, we need not address petitioner's constitutional objections to the Secretary's notice of demotion. Accordingly, we reverse and remand the order of the Superior Court with instructions that the matter be remanded to the Commission with instructions that the action be dismissed due to lack of proper notice under Section 126-35. *See Wells*, 50 N.C. App. at 393-94, 274 S.E. 2d at 259 (remanding for dismissal where notice was inadequate).

Reversed and remanded.

Judges ARNOLD and ORR concur.