CAROLYN OWEN, Petitioner-Appellee v. UNC-G PHYSICAL PLANT, Respondent-Appellant

No. COA95-368

(Filed 5 March 1996)

**1. Appeal and Error § 443 (NCI4th)— sufficiency of notice of reasons for dismissal—issue properly preserved for appeal**

Plaintiff properly preserved for appeal the issue of whether defendant's dismissal letter provided her with sufficient notice of the reasons for her dismissal, since plaintiff was not required by N.C.G.S. § 150B-36(a) to specifically except to the ALJ's recommended decision on the ground of insufficient notice; she was, however, bound to the general rule of appellate procedure that the Court of Appeals will not decide questions which have not been presented in the courts below; and a review of the record disclosed that plaintiff argued before the ALJ, State Personnel Commission, trial court, and Court of Appeals that the letter did not provide her with adequate notice of the reasons for the dismissal.

**Am Jur 2d, Appellate Review §§ 690-704.**

**Reviewability, on appeal from final judgment, of interlocutory order, as affected by fact that order was separately appealable. 79 ALR2d 1352.**

**2. Public Officers and Employees § 65 (NCI4th)— misconduct as grounds for dismissal—failure of dismissal letter to name accusers—letter statutorily infirm**

Though defendant cited several alleged instances of misconduct as support for plaintiff's dismissal as a grounds crew supervisor at UNC-G, not a single allegation specifically named an accuser, and plaintiff was unable, at least initially, to correctly locate in time or place the conduct which defendant cited as justification for her dismissal; therefore failure to include the spe-

cific names of plaintiff's accusers in her dismissal letter prejudiced her ability to fully prepare her appeal and rendered the statement of reasons contained in the dismissal letter statutorily infirm. N.C.G.S. § 126-35(a).

**Am Jur 2d, Public Officers and Employees §§ 247-249.**

Appeal by respondent from judgment entered 23 January 1995 by Judge Melzer A. Morgan, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 23 January 1996.

*Judith G. Behar for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Anne J. Brown, for respondent-appellant.*

MARTIN, Mark D., Judge.

Respondent University of North Carolina at Greensboro Physical Plant (UNCG) appeals from judgment reversing the State Personnel Commission's (SPC) "just cause" determination and remanding the matter to the SPC with the direction it be dismissed and appropriate relief accorded petitioner Carolyn Owen (Owen).

Owen was a career State employee who worked at UNCG for approximately 17 years. During her tenure she held a myriad of positions including "acting" UNCG Grounds Superintendent—a position she held from December 1985 to March 1986 at which time Charles Bell (Bell) was hired as "permanent" Grounds Superintendent. In 1987 Bell resigned and the Physical Plant Director appointed Chris Fay (Fay) as Grounds Superintendent.

In 1991 Owen was the supervisor of the grounds crew assigned to sanitation, work orders, and two garden areas. On 29 October 1991 Fay notified Owen by letter she was being suspended for interfering with the Human Resources Office's (HRO) investigation into allegations of improper conduct. On 18 November 1991 Fay held a conference with Owen to review the results of the HRO investigation and to allow her an opportunity to respond.

On 22 November 1991, after "carefully [considering Owen's] response[s] to the issues raised in the meeting," and "all the other [pertinent] information," Fay notified Owen by letter (dismissal letter) that she was being dismissed for the following reasons:

First, I have found that while employees were working on a concrete job outside of Jackson Library in the last part of June you told a black employee, "If I was a black man, I would like to do this kind of work all day long." This statement . . . was a racial, and sex-based slur . . . [and] is especially serious because it is a message to employees, from their supervisor, that work in the Grounds Division is assigned based on race and sex . . . . On other occasions, you have made comments such as "no man will ever meet my standards" and you have called employees "stupid."

Second, after learning that employees had complained to the management and to Human Resources about your conduct, you began to talk with employees to discourage pursuit of their complaints. Specifically, you distributed to three employees copies of discipline and notes about discipline you received last August. . . . You have also told employees, "If I go, I will take others with me." Such statements and actions constitute attempts to intimidate employees and threatened reprisals if they persisted in complaining about your conduct.

Fay also noted the above conduct was "especially egregious" in light of the number of improper personal conduct warnings he had given Owen in the past.

On 6 April 1992, after exhausting UNCG's internal appeal process, Owen filed a petition for a contested case hearing. On 8 July 1993 the SPC found UNCG's "decision to dismiss Owen . . . [was] for just cause and not discriminatory on the basis of her sex." In its order, the SPC made no findings on whether the dismissal letter notified Owen, with sufficient particularity, of the reasons for her dismissal.

On 9 August 1993 Owen filed a petition for judicial review. On 20 January 1995 the trial court, after finding the dismissal letter provided insufficient notice, held that "this case is reversed and is remanded to the [SPC] with the direction that the matter be dismissed against [UNCG] and that [Owen] be accorded the appropriate relief to which she is now entitled."

On appeal UNCG contends the trial court erred by: (1) finding Owen preserved the issue of adequate notice for review; (2) reversing the SPC's decision on the ground the notice of dismissal was not sufficiently specific; and (3) finding UNCG lacked just cause to dismiss Owen.

**[1]** We first consider UNCG's allegation Owen did not properly preserve the issue of whether the dismissal letter provided her with sufficient notice of the reasons for her dismissal and, therefore, the issue of adequate notice was not properly before the trial court.

In support of this contention, UNCG interprets N.C. Gen. Stat. § 150B-36(a) as requiring petitioners to provide specific exceptions to the Administrative Law Judge's (ALJ) Recommended Decision prior to final agency decision. Relying on this interpretation, UNCG argues Owen did not specifically except from the ALJ's Recommended Decision on the grounds of insufficient notice and, therefore, failed to preserve that issue for appeal.

As we must, we resolve this contention by recourse to well settled principles of statutory construction. It is beyond question, "[s]tatutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). Further, when according a statute its plain meaning, courts "may not interpolate or superimpose provisions and limitations not contained therein." *Preston v. Thompson*, 53 N.C. App. 290, 292, 280 S.E.2d 780, 783, *disc. review denied and appeal dismissed*, 304 N.C. 392, 285 S.E.2d 833 (1981).

N.C. Gen. Stat. § 150B-36(a) provides, in pertinent part:

> Before the agency makes a final decision, it shall give each party an opportunity to file exceptions to the decision recommended by the administrative law judge, and to present written arguments to those in the agency who will make the final decision or order.

*Id.* (1995). Clearly, section 150B-36(a), by use of the mandatory term "shall," places an affirmative duty on the agency, in this case the SPC, to allow the parties an adequate opportunity to file exceptions to the recommended decision of the ALJ. In contrast, the plain language of section 150B-36(a) in no way obligates petitioners to file specific exceptions to the recommended decision before issuance of the final agency decision. To hold otherwise would require this Court to read language into the statute where none presently exists.

Nevertheless, Owen is still bound to the general rule of appellate procedure that this Court "will not decide questions which have not been presented in the courts below . . . ." *White v. Pate*, 308 N.C. 759, 765, 304 S.E.2d 199, 203 (1983) (refused to consider argument statute violated equal protection guarantees of the United States Constitution because not raised in the courts below). Our review of

the present record discloses Owen argued before the ALJ, SPC, trial court and, finally, this Court, that the dismissal letter did not provide her with adequate notice of the reasons for her dismissal. Accordingly, under *White*, we conclude Owen properly preserved the issue of adequate notice by raising it at each successive stage of review.

**[2]** Because the issue of notice was properly preserved, we now consider UNCG's contention the trial court erred by concluding Owen's dismissal letter did not disclose, with sufficient particularity, the grounds for her dismissal.

This Court "may . . . reverse or modify the agency's decision if the . . . findings, inferences, conclusions, or decisions are . . . [i]n violation of constitutional provisions [or] . . . [m]ade upon unlawful procedure . . . ." N.C. Gen. Stat. § 150B-51(b) (1995). When reviewing an agency decision for constitutional or procedural errors, this Court applies *de novo* review. *Gainey v. N.C. Dept. of Justice*, 121 N.C. App. 253, 259, 465 S.E.2d 36, 41 (1996); *Brooks v. Ansco & Associates*, 114 N.C. App. 711, 716, 443 S.E.2d 89, 92 (1994).

Under federal due process an employee's property interest in continued employment is sufficiently protected by "a pretermination opportunity to respond, coupled with post-termination administrative procedures . . . ." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547-548, 84 L. Ed. 2d 494, 507 (1985). Further, the federal due process concern for fundamental fairness is satisfied if the employee receives "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546, 84 L. Ed. 2d at 506. To interpret the minimal protection of fundamental fairness established by federal due process as "requir[ing] more than this . . . would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.*

Nonetheless, "[a] wise public policy . . . may require that higher standards be adopted [by the State] than those minimally tolerable under the [United States] Constitution." *Lassiter v. Department of Social Services*, 452 U.S. 18, 33, 68 L. Ed. 2d 640, 654, *reh'g denied*, 453 U.S. 927, 69 L. Ed. 2d 1023 (1981). Toward that end the General Assembly enacted N.C. Gen. Stat. § 126-35(a), which provides in pertinent part:

No career State employee . . . shall be discharged . . . except for just cause. In cases of such disciplinary action, the employee shall, before the action is taken, be <u>furnished with a statement in writing setting forth in numerical order the specific acts or omissions that are the reasons for the disciplinary action</u> and the employee's appeal rights.

*Id.* (1995) (emphasis added).

This Court has interpreted section 126-35(a) as requiring the written notice to include a sufficiently particular description of the "incidents [supporting disciplinary action] . . . so that the discharged employee <u>will</u> <u>know</u> <u>precisely</u> what acts or omissions were the basis of his discharge." *Employment Security Comm. v. Wells,* 50 N.C. App. 389, 393, 274 S.E.2d 256, 259 (1981) (emphasis added). Failure to provide names, dates, or locations makes it impossible for the employee "to locate [the] alleged violations in time or place, or to connect them with any person or group of persons," *id.,* thereby violating the statutory requirement of sufficient particularity. *See Id.; Sherrod v. N.C. Dept. of Human Resources,* 105 N.C. App. 526, 532, 414 S.E.2d 50, 54 (1992); *Meyers v. Dept. of Human Resources,* 92 N.C. App. 193, 197-198, 374 S.E.2d 280, 283 (1988), *aff'd,* 332 N.C. 655, 422 S.E.2d 576 (1992); *Leiphart v. N.C. School of the Arts,* 80 N.C. App. 339, 351-352, 342 S.E.2d 914, 923, *cert. denied,* 318 N.C. 507, 349 S.E.2d 862 (1986).

In the present case, UNCG cited several alleged instances of misconduct as support for Owen's dismissal, yet not a single allegation specifically named her accuser. Consequently, as the record clearly indicates, Owen was unable, at least initially, to correctly locate in "time or place" the conduct which UNCG cited as justification for her dismissal. *See Wells,* 50 N.C. App. at 393, 274 S.E.2d at 259. Therefore, we believe the failure to include the specific names of Owen's accusers in her dismissal letter prejudiced her ability to fully prepare her appeal.

We also note UNCG's failure to include the specific names of Owen's accusers contravenes the legislative intent behind section 126-35(a). To hold otherwise would provide employers the opportunity to dismiss an employee on unfounded charges and then subsequently search for witnesses who are willing to testify as to the veracity of the stated justifications. Although the trial court found no evidence UNCG engaged in such spurious activity, we believe the procedural safeguards within section 126-35(a) serve as a prophylactic protection against summary dismissal based on inadequate notice.

*See, e.g., Leiphart,* 80 N.C. App. at 351, 342 S.E.2d at 922. We there-fore conclude UNCG's failure to specifically name Owen's accusers renders the statement of reasons contained in the dismissal letter statutorily infirm.

Accordingly, we affirm the judgment of the trial court and remand this case to the trial court for further remand to the SPC for further proceedings consistent with this opinion.

Affirmed and remanded.

Judges EAGLES and MARTIN, John C., concur.