CRAIG B. HILLIARD, Petitioner v. NORTH CAROLINA DEPARTMENT OF CORRECTION, Respondent

No. COA04-780

(Filed 4 October 2005)

**1. Administrative Law— summary judgment—standard of review**

Summary judgment is a matter of law and the appropriate standard of review of an administrative law judge's grant of summary judgment is de novo.

**2. Public Officers and Employees— agency interpretation of rules—unacceptable professional conduct**

On judicial review, an agency's interpretation of its own regulations will be enforced unless clearly erroneous or inconsistent with the regulation's plain language. In this case, the undisputed facts showed that a state employee's conduct constituted unacceptable professional conduct and the State Personnel Commission's interpretation of its own regulations and work rules did not contain any qualification or exception for the explanations defendant offered. The trial court properly affirmed the administrative law judge's summary judgment for respondent.

**3. Public Officers and Employees— demotion of state employee—substantial evidence—whole record**

The superior court properly employed the whole record test in reviewing evidence supporting the demotion of a state employee. The record contained sufficient substantial evidence to support the demotion of a state employee.

## 4. Constitutional Law— equal protection—demotion of state employee

The trial court properly applied the de novo standard of review to determine that a demoted state employee was not denied equal protection.

Petitioner appeals from order entered on 25 August 2003 by W. Erwin Spainhour in Superior Court in Rowan County. Heard in the Court of Appeals 21 March 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Buren R. Shields, III, for the State.*

*J. Stephen Gray, for petitioner-appellant.*

HUDSON, Judge.

In May 2001, after a pre-disciplinary hearing, petitioner Hilliard was demoted by his employer, the North Carolina Department of Corrections ("DOC"), from his position as superintendent in charge of the Davidson County Correctional Center ("DCC"). Hilliard filed a contested case petition with the Office of Administrative Hearings ("OAH") and DOC filed a motion for summary judgment. On 15 December 2001, Senior Administrative Law Judge, Fred G. Morrison, granted summary judgment to DOC. Hilliard appealed to the State Personnel Commission (SPC) and on 21 March 2002 the SPC adopted and affirmed the OAH decision. Hilliard filed a petition for judicial review in Superior Court in Rowan County, where he resides. On 25 August 2003, the court affirmed SPC's decision. Petitioner Hilliard appeals. For the reasons below, we affirm.

The evidence tends to show that Hilliard, an employee with DOC for almost eighteen years, was superintendent at DCC from October 1999 to March 2001. In 2001, following an internal investigation, DOC determined that he had engaged in multiple acts of misconduct. On 17 May 2001, Hilliard attended a pre-disciplinary conference, about which he had been earlier informed. After the conference, Hilliard received a letter dated 31 May 2001 and modified 24 July 2001, in which DOC demoted him from a correctional superintendent to a programs supervisor, effective 1 June 2001.

DOC based its disciplinary action on seven acts of alleged misconduct, but only four of these are at issue in this appeal. In summary, DOC alleged that Hilliard:

1. Ate food from the DCC dining facility without signing or paying for it;

2. Accepted personal services from DCC inmates by having them sew patches on uniforms of his son's athletic teams;

3. Accepted personal services from subordinate State employees at DCC on State time and using State equipment, e.g., having his secretary type up his son's team rosters, game and practice schedules, and directions to ballfields;

4. Used State equipment on State time by using fax machines and making long distance calls on State business telephones.

OAH and SPC determined that Hilliard committed these acts of misconduct and concluded that these offenses were unacceptable personal conduct ("UPC") under SPC regulations and, therefore, "just cause" for demotion.

Hilliard argues that the trial court erred in affirming OAH's order granting summary judgment because there were insufficient findings of fact justifying summary judgment and contested issues of fact. We disagree.

When reviewing a trial court's order affirming a decision by an administrative agency, the scope of review of this Court is the same as it is for other civil cases. N.C. Gen. Stat. § 150B-52 (2003); *Henderson v. N.C. Dep't of Human Res.*, 91 N.C. App. 527, 531, 372 S.E.2d 887, 890 (1988). We must examine the trial court's order for errors of law and determine whether the trial court exercised the appropriate scope of review and whether the trial court properly applied this standard. *Amanini v. N.C. Dep't of Human Res.*, 114 N.C. App. 668, 443 S.E.2d 114 (1994). As in other civil cases, we review errors of law *de novo. See York Oil Co. v. N.C. Dep't of Env't, Health and Natural Res.*, 164 N.C. App. 550, 554, 596 S.E.2d 270, 273 (2004).

[1] First, we must determine whether the trial court applied the correct standard of review here. "Judicial review of the final decision of an administrative agency in a contested case is governed by [N.C. Gen. Stat. § ] 150B-51(b) of the APA." *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004). The nature of the error asserted determines the appropriate manner of review; where appellant contends legal error in the agency's decision, the trial court must review *de novo. Dillingham v. N.C. Dep't of*

*Human Res.*, 132 N.C. App. 704, 513 S.E.2d 823 (1999). Here, Hilliard asserts that the trial court erred in affirming the ALJ's grant of summary judgment. As summary judgment is a matter of law, the appropriate review was *de novo. See Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Here, the trial court properly applied a *de novo* review and correctly affirmed the final agency's grant of summary judgment.

**[2]** The court may grant summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. 1A-1, Rule 56(c) (2003). N.C. Gen. Stat. 126-35(a) (2003) states that "no career State employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." *Id.* "Just cause" may consist of "unacceptable personal conduct." 25 N.C.A.C. 1J.0604(b) (2003). Unacceptable Personal Conduct (UPC) includes:

(1) conduct for which no reasonable person should expect to receive prior warning; or

\* \* \*

(4) the willful violation of known or written work rules;

or

(5) conduct unbecoming a state employee that is detrimental to state service;

25 N.C.A.C. 1J.0614(i) (2003). One act of UPC presents "just cause" for any discipline, up to and including dismissal. 25 N.C.A.C. 1J.0604(a), 1J.0608(a), 1J.0612(a)(3), and 1J.0614(i) (2003). No showing of actual harm is required to satisfy definition (5) of UPC, only a potential detrimental impact (whether conduct like the employee's could potentially adversely affect the mission or legitimate interests of the State employer). *Eury v. Employment Sec. Comm'n*, 115 N.C. App. 590, 610-11, 446 S.E.2d 383, 395-96, *disc. review denied*, 338 N.C. 309, 451 S.E.2d 635 (1994). Under subsection (4) of 25 N.C.A.C. 1J.0614(i), the employer's work rules may be written or "known" and a willful violation occurs when the employee willfully takes action which violates the rule and does not require that the employee intend his conduct to violate the work rule. *See N.C. Dep't of Corr. v. McNeely*, 135 N.C. App. 587, 592-93, 521 S.E.2d 730, 734 (1999).

The undisputed facts here show that defendant's conduct constituted UPC. Hilliard admits the alleged conduct, but offers explana-

tions for it that he argues justified it. For example, he argues that he was "testing" the food and believed this was a valid exception to the rule requiring payment for the food; that he did not pay inmates for sewing his son's uniforms and regarded this as public service work; that his employees had no other work and did not mind performing personal services for him; and that he only used the business phone for long distance calls during a family emergency and offered to pay for the calls.

On judicial review, an agency's interpretation of its own regulations will be enforced unless clearly erroneous or inconsistent with the regulation's plain language. *Britt v. N.C. Sheriff's Educ. and Training Stds. Comm'n*, 348 N.C. 573, 576, 501 S.E.2d 75, 77 (1998). Here, SPC determined that its regulations and the work rules did not contain any qualification or exception for the explanations Hilliard asserted. A fact is material only if it constitutes a legal defense to a charge, or would affect the result of the action, or its resolution would prevent the party against whom it is asserted from prevailing on the point at issue. *Bone Int'l, Inc. v. Brooks*, 304 N.C. 371, 375 283 S.E.2d 518, 520 (1981). Thus, we conclude that as no material fact was in dispute here, the court did not err in affirming summary judgment.

**[3]** Hilliard next argues that a review pursuant to the whole record test does not show substantial findings of fact and conclusions of law to justify demotion. We disagree.

Where appellant contends the agency's decision was not supported by the evidence or was arbitrary and capricious, the whole record test is used. *Dillingham*, 132 N.C. App. at 708, 513 S.E.2d at 826. The record here indicates that the superior court employed the correct standard of review, as its order affirming OAH states that "[t]he Court has considered the entire record in this matter," and that it made its findings "[a]fter applying the whole record test." We must now determine whether it exercised this review properly.

"The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' " *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977) (internal citation omitted). "The 'whole record' test does not allow the reviewing court to replace the [agency]'s judgment as

between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo.*" *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977). After reviewing the record, we conclude that it contains sufficient substantial evidence to support Hilliard's demotion. As discussed, Hilliard admits that he committed the conduct alleged to be UPC. Thus, the superior court properly employed the whole record test and did not err.

[4] Finally, Hilliard contends that SPC's order affirming OAH was made upon unlawful procedures in violation of due process of law and equal protection. We disagree. Because these are issues of law, they are reviewed *de novo.* Here, the trial court properly applied a *de novo* review.

Hilliard contends that he was denied due process because he was only given two days notice prior to the pre-disciplinary conference and because the persons involved in the investigation and the conference were his supervisors. Hilliard only cites one case in support of his due process argument: *Owen v. UNC-G*, 121 N.C. App. 682, 468 S.E.2d 813 (1996). However, *Owen* states that:

> Under federal due process an employee's property interest in continued employment is sufficiently protected by "a pretermination opportunity to respond, coupled with post-termination administrative procedures. Further, the federal due process concern for fundamental fairness is satisfied if the employee receives oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. To interpret the minimal protection of fundamental fairness established by federal due process as requiring more than this . . . would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

*Id.* at 686, 468 S.E.2d at 816 (internal citations and quotation marks omitted). Moreover, the North Carolina Supreme Court has held that a State employee's due process rights are satisfied by the opportunity to pursue a contested case hearing before OAH. *Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 324-25, 507 S.E.2d 272, 278-79 (1998).

Although Hilliard asserts that he was denied equal protection, he fails to cite any cases in support of this argument or to adequately brief it. To succeed on a claim of equal protection, Hilliard must show

that he was treated significantly differently than similarly situated employees and that this difference was because of discrimination against a protected class; if the different treatment, even if for similarly situated persons, was not based on a protected characteristic, it need only have a rational basis. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83-84, 145 L. Ed. 2d 522, 542 (2000); *Richardson v. N.C. Dep't of Corre.*, 345 N.C. 128, 134, 478 S.E.2d 501, 505 (1996). Here, Hilliard fails to show that there were actually any similarly situated persons who were treated differently and he does not argue that any difference in discipline was based on a protected characteristic or was without rational basis. Accordingly, we overrule this assignment of error.

Finally, Hilliard asserts again that SPC and OAH's decisions were arbitrary and capricious. As stated earlier, the trial court correctly reviewed this argument pursuant to the whole record test, and our review of the record reveals that there is substantial evidence to support the findings of fact and conclusions of law made by SPC and OAH.

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.