IN THE MATTER OF: COMMUNITY SAVINGS & LOAN ASSOCIATION AND FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HENDERSON-VILLE v. NORTH CAROLINA SAVINGS & LOAN COMMISSION, WILBERT W. SEABOCK, CHAIRMAN, WAYNE G. CHURCH, VICE CHAIRMAN, ALGERNON LEE BUTLER, JR., JAMES H. SPEARMAN, WALTER CHURCH, W. FRANK McCRAY, JULIAN RAY SPARROW, MEMBERS, AND W. L. COLE, ADMINISTRATOR

No. 7910SC15

(Filed 6 November 1979)

Administrative Law § 8; Banks § 1.2— review of order of Savings and Loan Com-
mission—erroneous substitution of judgment by court

    Where, upon review of an order of the N. C. Savings and Loan Commis-
sion permitting petitioner to open a branch office, the superior court determin-
ed that the Commission's findings of fact lacked the specificity required by
G.S. 150A-36 and were insufficient to enable the court to determine the rights
of the parties, the superior court erred in reversing the Commission and in
substituting its judgment for that of the Commission but should have remand-
ed the cause for further findings.

APPEAL by respondents from *Smith (David I.), Judge.* Judg-
ment entered 31 August 1978 in Superior Court, WAKE County.
Heard in the Court of Appeals 18 September, 1979.

*Attorney General Edmisten by Deputy Attorney General Millard R. Rich, Jr., for respondent-appellant.*

*Kimzey, Smith & McMillan, by James M. Kimzey, for intervenor-appellant Clyde Savings and Loan Association.*

*Tharrington, Smith & Hargrove, by J. Harold Tharrington, for petitioner-appellees.*

MARTIN (Robert M.), Judge.

Respondent North Carolina Savings and Loan Commission ("Commission") and Clyde Savings and Loan Association ("Clyde") appeal from a ruling of the Wake County Superior Court vacating Commission's order allowing Clyde to open a branch office in Hendersonville, Henderson County. The ruling was in response to a petition filed by Community Savings and Loan Association ("Community") and First Federal Savings and Loan Association of Hendersonville ("First Federal") seeking to have Commission's order set aside. The trial court found, *inter alia*, that Clyde had "failed to carry the responsibility of furnishing evidence that a branch office facility would promote effective and healthy competition in Henderson County without undue damage to another association or associations." This finding was based upon two portions of the Commission's final decision, finding of fact (6) and conclusion (5), as set out below:

6. The area to be served, the location of the proposed branch and the competition in the area to be served is as shown in the application.

* * *

(5) The approval of the application of the applicant for the establishment of a branch office in Henderson County, North Carolina would not unduly damage any other association operating in the area and would constitute healthy competition and would promote public convenience and advantage.

The guidelines which the Commission must consider upon receiving an application for the establishment of a savings and loan association branch office are set forth in §§ .0202(1) through (8) of Title 4, Chapter 9, Subchapter 9C of the North Carolina Administrative Code. Section .0202(6) specifically provides:

It will be the responsibility of the applicant to furnish evidence that such a branch office facility would promote effective and healthy competition without undue damage to another association or associations.

This language is mirrored in conclusion (5) of the Commission.

The Administrative Procedure Act provides, in pertinent part (at N.C. Gen. Stat. § 150A-36), that:

[A] final decision or order of an agency in a contested case shall be made, after review of the official record as defined in G.S. 150A-37(a), in writing and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and shall be supported by substantial evidence admissible under G.S. 150A-29(a) or 150A-30 or 150A-31.

N.C. Gen. Stat. § 150A-50 provides that judicial review of agency decisions under the Administrative Procedure Act shall be conducted by the court sitting without a jury. The court shall receive briefs and arguments, but no evidence may be offered that was not offered at the administrative hearing. If a party alleges irregularity in the administrative proceeding, which is not shown in the record, the court may receive pertinent testimony. The court has no discretion to hear the matter *de novo* unless no record was made of the administrative proceeding or the record is inadequate. N.C. Gen. Stat. § 150A-51 defines the scope of judicial review of an administrative proceeding, providing that a court may reverse or modify an agency decision only if the substantial rights of a petitioner

may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or

(6) Arbitrary and capricious.

Petitioners rely upon N.C. Gen. Stat. § 150A-51(5), *supra*, as support for the propriety of the trial court's action in reversing the Commission. They contend that the Commission's finding of fact (6) was insufficient to support its conclusion (5) (quoted at p. ---, *supra*). We agree. However, we find that the trial court erred in substituting its judgment for that of the Commission. The application adverted to in the Commission's finding of fact (6) was the application originally filed by Clyde with the Commission for authorization to open the Hendersonville branch office. It is a part of the record, being admitted as an exhibit. It contains abundant statistical data concerning demographic, financial and growth trends in the Henderson County area. This application presented ample evidence which, if believed, would fully support the Commission's conclusion (5) that the proposed branch office could open without detriment to either Community or First Federal. However, some of the evidence contained in the application is more pertinent to the instant inquiry than other, and the Commission's bare reference to the application does not supply the factual basis upon which to predicate its conclusion of law (5) (which merely quotes language from the Administrative Code). Thus, the first two conclusions of law reached by the trial court with respect to the Commission's final decision are justified and accurate:

1. There is no finding of fact, or any concise and explicit statement of underlying facts, as required by G.S. 150A-36, with respect to whether a branch office facility would promote effective and healthy competition without undue damage to another association or associations in Henderson County, North Carolina.

2. The conclusion of the North Carolina Savings & Loan Commission that "The approval of the application of applicant for the establishment of a branch office in Henderson

County, North Carolina would not unduly damage any
other association operating in the area and would con-
stitute healthy competition and would promote public con-
venience and advantage" is not supported by findings of
fact or any concise and explicit statement of underlying
facts.

It is the third conclusion of the trial court, wherein the court
states that the Commission's conclusion of law (5) "is not sup-
ported by competent, material and substantial evidence," that is
erroneous, in that it exceeds the proper scope of review in light
of the conclusions previously made and in that it applies an incor-
rect standard of review to the evidence. Having determined that
the findings of fact were not sufficient to enable the court to
determine the rights of the parties, and that the findings of fact
lacked that specificity impliedly required by N.C. Gen. Stat.
§ 150A-36, the trial court should have remanded the cause for fur-
ther findings. See Bailey v. North Carolina Department of Mental
Health, 272 N.C. 680, 159 S.E. 2d 28 (1968); Pardue v. Blackburn
Bros. Oil & Tire Co., 260 N.C. 413, 132 S.E. 2d 747 (1963). The
Commission's failure to make appropriately detailed findings of
fact from the evidence before it does not eliminate that evidence
from consideration upon review or entitle petitioners to judgment
solely on the basis of the Commission's findings. In determining
whether reversal or modification of an administrative decision is
appropriate under N.C. Gen. Stat. § 150A-51(5), the test applied to
the evidence must be the "whole record" test. See Thompson v.
Wake County Board of Education, 292 N.C. 406, 233 S.E. 2d 538
(1977). This test does not allow the reviewing court to replace the
Board's judgment as between two reasonably conflicting views,
even though the court could justifiably have reached a different
result had the matter been before it de novo. Id. Instead, the
reviewing court is required to examine all of the competent
evidence, pleadings, etc., which comprise the "whole record" to
determine if there is substantial evidence in the record to support
the administrative tribunal's findings and conclusions. The
reviewing court, while obligated to consider evidence of record
that detracts from the administrative ruling, is not free to weigh
all of the evidence and reach its own conclusions on the merits. If,
after all of the record has been reviewed, substantial competent
evidence is found which would support the agency ruling, the rul-

ing must stand. In the instant case, the application filed by Clyde was part of the record. The evidence contained therein was competent and substantial, apparently persuading the Commission (even though the Commission did not properly record the basis for that persuasion in the final decision as reduced to writing). The insufficiency of the Commission's findings did not relieve the trial court of the responsibility for considering *all* of the competent evidence in the whole record to determine whether substantial evidence was present to support the Commission's conclusions. Arguably, after determining that the Commission's findings were insufficient, the trial court should never have reached the question of whether reversal under N.C. Gen. Stat. § 150A-51(5) was appropriate. Remand for further findings was essential upon concluding that the findings of record presented an inadequate basis for review. However, so that there may be no confusion on remand, we have employed the above analysis so as to demonstrate that under no applicable theory of law was it appropriate for the trial court to reverse the Commission and substitute its judgment for the Commission's on the record before us.

Petitioners have argued that, because the N.C. Administrative Code allows a party to a hearing before the Savings & Loan Commission to "appeal the decision of the Commission to the Superior Court of Wake County," the requirements of N.C. Gen. Stat. § 150A-43 *et seq.* do not apply and the trial court was free to reverse the Commission without regard to the requirements of N.C. Gen. Stat. § 150A-51. This contention is feckless. The standards for judicial review of an administrative decision, whether on petition under the Administrative Procedure Act or on "appeal" from the agency, are essentially fixed. See generally 1 Strong's N.C. Index 3d *Administrative Law* § 8; 73 C.J.S. *Public Administrative Bodies and Procedures* § 202.

We conclude that the trial court erred in reversing the decision of the Commission. Appellants' assignments of error are well taken. The judgment of the court below is reversed, and the cause is remanded to the Superior Court of Wake County with instructions to remand to the Savings and Loan Commission for further findings and proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

Chief Judge MORRIS and Judge PARKER concur.