STAR AUTOMOBILE COMPANY v. SAAB-SCANIA OF AMERICA, INC.

No. 8610SC617

(Filed 3 March 1987)

**Automobiles and Other Vehicles § 5— new auto dealership—petition for hearing before Commissioner of Motor Vehicles—timeliness**

Petitioner's petition for a hearing before the Commissioner of Motor Vehicles to review whether petitioner's trade area could support an additional Saab franchise was timely filed where the evidence tended to show that it had until 1 November 1982 to file its petition; it mailed its petition on 26 October 1982 but the petition was not stamped "filed" until 2 November 1982; the party responsible for processing such petitions testified that he was on vacation the week preceding 1 November 1982 and that no documents were processed in his absence; he was uncertain as to whether he was in his office on 1 November; when he got to his desk on the morning of 2 November, the petition was already there, prior to receipt of the morning mail; and he testified that, in his opinion, the petition was received before 2 November.

APPEAL by respondent from *Farmer, Judge.* Order entered 28 February 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 13 November 1986.

Respondent, the United States distributor for the manufacturer of Saab automobiles, and Petitioner, a Durham automobile dealer, entered into a franchise agreement on 24 March 1981. Under the agreement, petitioner became an authorized Saab dealer. On 30 September 1982, petitioner received a letter from respondent notifying it of respondent's intent to establish an additional Saab dealership in Raleigh.

Under N.C.G.S. § 20-305(5) petitioner had thirty days from such notification to request a hearing before the Commissioner of Motor Vehicles to review whether petitioner's trade area could

support an additional Saab franchise. Petitioner had until Monday, 1 November 1982 to file its petition since the thirtieth day of the period fell on the previous Saturday. Petitioner mailed its petition to the Commissioner of Motor Vehicles, "Attention: Robert A. Pruett," on 26 October 1982. However, the petition was not stamped "filed" until 2 November 1982.

Respondent filed a motion to dismiss the petition on the grounds of late filing. The Hearing Officer denied the motion and found that the petition had been timely filed concluding that the Division of Motor Vehicles received it on or before 1 November 1982.

After a full hearing, the Commissioner dismissed the petition and issued a final order which stated that the petition was filed on 2 November 1982. Upon appeal, the Wake County Superior Court held that, because the Commissioner found as a fact that the petition was filed on 2 November 1982, petitioner had filed too late. Petitioner appealed to this Court which held that the factual issue of whether petitioner's petition was timely filed has not been properly resolved. The case was remanded to the Superior Court of Wake County, which remanded it to the Commissioner.

On remand, the Hearing Officer issued an order finding that the petition had been filed on 2 November 1982. Petitioner appealed to the superior court, which reversed the Commissioner. From the decision of the superior court, respondent appeals.

*Rivenbark & Kirkman, by James B. Rivenbark, John W. Kirkman, Jr. and Rodney D. Tigges, attorneys for Star Automobile Company, petitioner appellee.*

*Smith Helms Mulliss & Moore, by David M. Moore, II, Stephen W. Earp and Catherine C. Eagles, attorneys for Saab-Scania of America, Inc., respondent appellant.*

ORR, Judge.

Respondent contends that the superior court exceeded the bounds of appropriate judicial review by engaging in independent fact finding when it reversed the Commissioner's decision. We do not agree.

Since this case began before 1 January 1986, N.C.G.S. § 150A-51, recodified as N.C.G.S. § 150B-51, governs the scope of judicial review of the superior court with respect to its review of final agency decisions. It provides in pertinent part that:

> The court . . . may reverse or modify the decision if the substantial rights of the [petitioner] may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (5) Unsupported by substantial evidence . . . in view of the entire record as submitted;
>
> . . .
>
> If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification.

In determining whether an agency decision should be reversed or modified, the reviewing court must use the "entire record" test. This test requires that the reviewing court examine all of the competent evidence, pleadings, etc., to determine if there is "substantial evidence" in the record to support the agency's findings. *Savings & Loan Assoc. v. Savings & Loan Comm.*, 43 N.C. App. 493, 259 S.E. 2d 373 (1979). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . It is more than a scintilla or a permissible inference." *Lackey v. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E. 2d 171, 176 (1982).

When there are two reasonably conflicting views of the evidence, the superior court cannot replace the agency view of the evidence with its own. *Chestnutt v. Peters, Comr. of Motor Vehicles*, 300 N.C. 359, 266 S.E. 2d 623 (1980).

> On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the Board's

result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.

*Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E. 2d 538, 541 (1977).

The trial court was faced with the task of determining whether the Commissioner's decision was supported by substantial evidence. Upon a review of the whole record, Judge Farmer found that the findings of fact and conclusions of law set out by the Commissioner were unsupported by substantial evidence.

In particular, there was one critical finding of fact in the Hearing Officer's Order that was not supported by substantial evidence. The Hearing Officer found "[t]hat no evidence has been offered by petitioner or respondent as to when said petition was received in the offices of the Division of Motor Vehicles in Raleigh, North Carolina." However, an essential fact may be established by circumstantial evidence alone. *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492 (1957).

The record shows the existence of the following circumstances: Petitioner mailed its petition to the Division of Motor Vehicles on 26 October 1982, by United States mail. Robert A. Pruett, the party responsible for processing petitions for the Division of Motor Vehicles, testified that he was on vacation the week preceding 1 November 1982 and that no documents were processed in his absence. Pruett was also uncertain as to whether he was in his office on Monday, 1 November 1982. Pruett further testified that when he got to his desk on the morning of 2 November 1982, the petition was already there, prior to the receipt of the morning mail. In addition, Pruett, who was familiar with the mail handling process at the Division of Motor Vehicles, testified that in his opinion, the petition was received *before* 2 November 1982. Therefore, there was circumstantial evidence as to when the petition was received by the Division of Motor Vehicles.

The Hearing Officer concluded "[t]hat Star Automobile Company's petition was filed with the Division of Motor Vehicles in Raleigh on November 2, 1985 [sic]." In fact, Pruett stamped the petition filed on that day but the critical evidentiary point is when the petition was received by the Division of Motor Vehicles.

"File" is defined as, "[t]o deliver an instrument or other paper to the proper officer or official for the purpose of being kept on file by him . . . in the proper place." Black's Law Dictionary 566 (rev. 5th ed. 1979) (citations omitted). Therefore, the actual stamping of the petition on 2 November 1982 did not constitute the required filing but instead the receipt of the petition by the Division of Motor Vehicles.

Since there was circumstantial evidence, as well as Pruett's opinion testimony as to the receipt of the petition by the Division of Motor Vehicles, the trial court properly concluded that the Hearing Officer's decision that the petition was not timely filed was unsupported by substantial evidence in view of the entire record.

Having made this determination, the court reversed the Commissioner's decision and concluded that the petition in this matter was timely filed.

As required by N.C.G.S. § 150A-51, the court set out its reasons for reversing the Commissioner's decision, denominating them as findings of fact.

We conclude, therefore, that the trial court did not exceed the bounds of appropriate judicial review and its decision should be affirmed.

Affirmed.

Judges WELLS and BECTON concur.