JOHN K. ABRON v. NORTH CAROLINA DEPARTMENT OF CORRECTION

No. 8710SC1016

(Filed 17 May 1988)

**Master and Servant § 7.5— dismissal of Department of Correction employee— stated reasons not pretext for racial discrimination—superior court affirmed**

The superior court did not err by affirming the State Personnel Commission's decision that the Department of Correction's stated reasons for discharging petitioner were not merely a pretext for racial discrimination where petitioner was employed as an assistant manager of a soap plant and was discharged during his probationary period for violating policy in dealing with inmates; petitioner established a *prima facie* case of discrimination; the Department of Correction produced evidence showing a legitimate, nondiscriminatory reason for its action; and petitioner alleged that the Department of Correction's stated reasons were merely a pretext for intentional discrimination in that petitioner purchased canteen items for inmates, but white employees also purchased canteen items for inmates and were not discharged; some inmates told petitioner that white employees were planning to arrange his dismissal because he was black; and petitioner was the first black ever hired in a supervisory position at the soap plant. The Personnel Commission found that in addition to purchasing canteen items for inmates, petitioner committed at least six other acts of misconduct, many involving breaches of prison security, and there was no evidence that white employees with similar records were retained; even assuming the competency of evidence that petitioner was told by inmates that white employees were plotting against him, there was no evidence that the plotting had any effect on the decision to fire petitioner; and evidence that petitioner's race was considered a positive factor in his initial hiring is some evidence that his termination was not racially motivated.

APPEAL by petitioner from *Bowen, Judge*. Order entered 28 August 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 28 March 1988.

Petitioner is a black male with a master's degree in chemistry and several years of research and teaching experience. Respondent, the North Carolina Department of Correction (the Department), hired petitioner in September 1985 to be an assistant manager of the soap plant at its Harnett County facility. Petitioner was the first black person hired in a supervisory position at the soap plant. One of the Department's considerations in hiring petitioner was that he was black and that the position was in a class in which less than 10 percent of respondent's employees were black. As an incentive for petitioner to accept the position,

the Department requested and received approval for petitioner to be paid at a salary grade higher than the position usually called for.

On several occasions during the next five months, petitioner purchased canteen items for inmates and left inmates unsupervised in unauthorized places within the plant, both in violation of the Department's policies. Petitioner also failed to follow his supervisor's instructions on three occasions. Petitioner was given an oral warning in November about leaving inmates unsupervised. On 14 February 1986, the Department notified petitioner that they were terminating his employment, effective immediately, citing "several instances of poor conduct and judgment in which you violated correction policy in your dealing with inmates and other matters."

Petitioner appealed to the State Personnel Commission alleging that the decision to fire him was racially motivated. In the hearing officer's recommended decision, he concluded that petitioner had made a *prima facie* showing of racial discrimination but that the Department had shown legitimate, nondiscriminatory reasons for discharging petitioner. The hearing officer then concluded that the Department's stated nondiscriminatory reasons were only a pretext for racial discrimination, stating that petitioner should have been given the remaining four months of his probationary period to achieve a satisfactory level of performance and that petitioner would have been given that time had he been white.

The Commission adopted the hearing officer's findings of fact and its conclusions regarding petitioner's *prima facie* case of racial discrimination and the Department's showing of legitimate, nondiscriminatory reasons for its action. However, the Commission disagreed with the hearing officer's conclusion that race was a motivating factor in terminating petitioner. Instead, the Commission concluded that petitioner had failed to carry his burden of proving the Department's stated reasons were merely a pretext for racial discrimination. Accordingly, the Commission upheld the Department's discharge of petitioner. On appeal, the superior court affirmed the Personnel Commission's decision. Petitioner appeals.

*Broughton, Wilkins & Webb, by William Woodward Webb, for the petitioner-appellant.*

*Attorney General Thornburg, by Assistant Attorney General Sylvia Thibaut, for the respondent-appellee.*

EAGLES, Judge.

The State Personnel Commission has authority to determine whether a State employee has been discharged because of racial discrimination. *Dept. of Correction v. Gibson*, 308 N.C. 131, 301 S.E. 2d 78 (1983); G.S. 126-36. Once the employee establishes a *prima facie* case of discrimination, the burden shifts to the employer to produce evidence showing a legitimate, nondiscriminatory reason for its action. If the employer carries its burden to produce that evidence, the employee must then satisfy the trier of fact that the employer's stated reasons were merely a pretext for intentional discrimination. *Gibson, supra* at 137-139, 301 S.E. 2d at 82-84. The evidentiary findings of fact here are undisputed. Indeed, in his brief petitioner concedes that the Department has articulated legitimate reasons for firing him. Therefore, the sole issue on appeal is whether the Commission erred in concluding that petitioner failed to show the Department's stated reasons were a pretext for racial discrimination. After careful consideration of the whole record, we find no error.

The reviewing court must affirm an agency's ruling if, after consideration of the "whole record," there is substantial, competent evidence to support it. *Savings & Loan Assoc. v. Savings & Loan Comm.*, 43 N.C. App. 493, 259 S.E. 2d 373 (1979). Here, the record clearly supports the Commission's ultimate finding of fact that petitioner was not a victim of racial discrimination. In considering whether the employer's stated nondiscriminatory reasons were merely a pretext for discrimination, courts may consider the evidence the employee used to establish his *prima facie* case as well as:

(1) evidence that white employees involved in acts of comparable seriousness were retained;

(2) evidence of the employer's treatment of the employee during his term of employment;

(3) evidence of the employer's response to any legitimate civil rights activities of the employee; and

(4) evidence of the employer's general policy and practice regarding minority employees.

*Gibson, supra,* at 139-140, 301 S.E. 2d at 84. To show the record supports his claim of discrimination, petitioner cites the Commission's findings that white employees also purchased canteen items for inmates, and were apparently not discharged; that some of the inmates told him that the white employees were planning to arrange his dismissal because he was black; and that he was the first black ever hired in a supervisory position at the soap plant.

In addition to purchasing canteen items for inmates, however, the Commission found that petitioner committed at least six other acts of misconduct, many involving breaches of prison security. There is no evidence that white employees with similar records were retained. The number and severity of petitioner's violations of both the Department's policies and his supervisor's instructions are sufficient to distinguish his conduct from that of white employees who allegedly had violated the Departmental policy against selling canteen items to inmates. *See Gibson, supra* (conduct of white employee who failed to make 3 or 4 security checks but did discover an inmate escape considered less serious than conduct of black employee who failed to make 8 security checks, did not discover the escape, and failed to report suspicious situation).

The Commission's finding that petitioner was told by inmates that white employees were plotting against him is similarly unpersuasive. Even assuming *arguendo* the competency of that evidence, in the absence of evidence tending to show that employees' plotting had any effect on the decision to fire petitioner, it has no probative value here. To succeed in this claim, petitioner must show racial discrimination on the part of those Departmental officials who made the decision to discharge him. *See Ambush v. Montgomery Cty. Government, Etc.,* 620 F. 2d 1048, 1054 (4th Cir. 1980) (evidence that the employee had a heated discussion with a white employee is not sufficient to show racial bias, particularly when the white employee was not the person who took the allegedly discriminatory action). The decision to terminate petitioner's employment was made by two people. Both of them testified that

race was not a factor in their decision to fire petitioner. Moreover, evidence that petitioner's race was considered a positive factor in his initial hiring is some evidence that his termination was not racially motivated. *See Ambush v. Montgomery Cty. Government, Etc., supra* at 1054-1055.

From the whole record, there is substantial, competent evidence that the Department's stated nondiscriminatory reasons for firing petitioner were not merely a pretext for racial discrimination. Accordingly, the Department's decision must be affirmed.

Affirmed.

Chief Judge HEDRICK and Judge PHILLIPS concur.