IN THE MATTER OF: THE ASSESSMENT OF ADDITIONAL SALES AND USE TAX AGAINST STRAWBRIDGE STUDIOS, INC., FOR THE PERIOD SEPTEMBER 1, 1979 THROUGH JULY 31, 1982

No. 8814SC1068

(Filed 20 June 1989)

1. Taxation § 31.1— sales and use tax—school pictures

The Secretary of Revenue correctly determined that a photographer must pay sales tax on the contract sale of school pictures to students, under which all students are photographed and picture packages are sold to the school at a price which is agreed upon in advance for the school to resell at a price set by the school, because the taxpayer did not present any evidence of registration or purchase for resale. The Department of Revenue's internal correspondence and correspondence with the taxpayer's attorney is not evidence that the contract sales were wholesale sales because the correspondence makes it clear that the statutory and regulatory requirements must be met to be taxable as wholesale sales. The taxpayer's burden of proof to overcome the presumption of a retail sale and the requirement of a Form E-590 did not deny the taxpayer due process and equal protection because a Form E-590 is not required; the taxpayer may present other written evidence to establish that the schools are registered to pay the retail tax and that the pictures are purchased for resale. N.C.G.S. § 105-164.28, N.C.G.S. § 105-164.26.

IN RE ASSESSMENT AGAINST STRAWBRIDGE STUDIOS

[94 N.C. App. 300 (1989)]

**2. Taxation § 31.1 — sales tax — commission sale of school pictures**

The evidence in the record on appeal supported the Secretary of Revenue's findings and conclusions that additional sales and use tax was required on the commission sale of school pictures where, in a letter to a school principal, taxpayer's president explained that under the proof method, each student was photographed and provided one color picture and that the price of the packages available for order included sales tax; the proof envelope described the picture sales as a school project on which the school retained a commission but it did not say the school was selling pictures; and the principal's report sheets show that the sales tax was collected on the sales to the students and was sent by the schools to the taxpayer. Furthermore, the findings and conclusions that describe the schools acting as representatives of the taxpayer in taking orders, sending money and distributing proofs and picture packages were supported by the evidence.

APPEAL by petitioner from Read (J. Milton, Jr.), Judge. Order entered 31 May 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 April 1989.

The Secretary of Revenue (Secretary) sustained a proposed assessment of additional sales and use tax against Strawbridge Studios, Inc. (taxpayer). Upon the taxpayer's petition for review, the Tax Review Board affirmed the Secretary's decision. The taxpayer gave notice of appeal and petitioned for review by the superior court. On 31 May 1988, Judge Read affirmed the decision of the Tax Review Board and the Secretary of Revenue. The taxpayer appeals.

*Arthur Vann for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the Secretary of Revenue.*

LEWIS, Judge.

The Secretary made the following findings of fact based upon the evidence presented:

(1) The taxpayer is engaged in business as a school photographer operating and existing under the laws of the State of North Carolina, maintaining a place of business only in Durham County.

IN RE ASSESSMENT AGAINST STRAWBRIDGE STUDIOS

[94 N.C. App. 300 (1989)]

(2) The taxpayer sells school pictures directly to schools on a 'Contract Sales' basis. In using this method, all students are photographed, and picture packages are sold to the school at a price which is agreed upon in advance. The school may then resell as many packages as possible at a price set by the school, and keep any 'profits' from the sale. The schools have not furnished forms E-590 Certificates of Resale, and the schools are not, for the most part, registered for sales and use tax purposes. These sales have been reported by Strawbridge Studios for sales tax purposes, and the State tax paid thereon. School annuals are also sold to the schools using this method, but no tax has been paid on the sale of annuals to schools.

EXCEPTION NO. 1

(3) The taxpayer also sells school pictures using a 'commission' or 'proof' system. In using this method, Strawbridge Studios photographs all students at a school, and returns a proof picture to each student for examination. The students may then select a picture package and order same. The proof pictures and orders are returned to the studio for further processing. The picture packages so ordered by the students are produced and returned to the schools. A representative of the school delivers the picture packages to the students, and collects all monies. All monies are then deposited in the school's bank account. The school's representative then completes a 'settlement sheet' and submits same to Strawbridge Studios, retaining a commission percentage of the sales amount which is agreed upon in advance, and remitting to Strawbridge Studios only the net balance due after deducting the commissions. The price of the picture packages is set by Strawbridge Studios. The net monies received by Strawbridge Studios has been reported for sales tax purposes, but no tax has been paid on commissions retained by the schools, notwithstanding the fact that the tax has been collected on the total sales price to the student. School annuals are also sold using this method, but no tax has been paid on the sale of school annuals. The 'Principal Report Sheets' reflect a computation of State and county tax on gross collections before deducting any commissions retained by the schools. The school's representative deducts the schools [sic] commissions from the collection before tax, and remits the net amount due Strawbridge Studios, plus applicable tax collected. However, Strawbridge Studios has reported for sales tax purposes only the amount received from

the school after the deduction of the commissions and has paid sales tax on that net amount only. In his letter of October 24, 1983, Mr. Gooch advised [taxpayer's attorney] of this method of computation and forwarded copies of settlement sheets to [taxpayer's attorney] for review.

EXCEPTION NO. 2

(4) A comparison was made between taxpayer's income tax returns and sales tax returns, and it was determined that some sales which were reported for income tax purposes were not reported for sales tax purposes. Tax has been assessed on these sales, but the auditor was unable to determine the source of the additional sales, and thus these sales were classified as 'sales of an unknown source', and were included as additional taxable sales.

EXCEPTION NO. 3

(5) Strawbridge Studios was afforded time and an opportunity to obtain forms E-590, Certificates of Resale or other written evidence from the schools to show that they were properly registered for sales and use tax purposes, and that they were purchasing the pictures in question for the purpose of resale. Strawbridge Studios did not obtain any evidence or Certificates of Resale which would exempt sales made on the 'contract' basis as sales for resale.

EXCEPTION NO. 4

(6) Mr. Gooch's letter of October 24, 1983 to [taxpayer's attorney] sets forth the Department's position on each type of sales in question and further provides that no county sales or use tax is due on those sales which are consummated by delivery of the pictures outside of Durham County, the county of location of Strawbridge Studios.

Based upon these findings of fact, the Secretary sustained imposition of additional sales and use tax on the sale of annuals under the "contract sales" method and on the sale of pictures under the "commission" method. The Tax Review Board and the superior court affirmed this decision. The taxpayer appeals.

The taxpayer brings forward eight assignments of error which essentially challenge the findings of fact and conclusions of law of the court's order. The taxpayer contends the findings of fact

regarding the "contract sales" are not supported by the evidence and that the court erred as a matter of law in concluding these sales are retail sales. The taxpayer also contends the findings of fact as to the "commission" method are not supported by the evidence and that the court erred in concluding these sales were retail sales with the schools acting as the taxpayer's agent. We have carefully reviewed the record on appeal and each assignment of error and conclude the decision should be affirmed.

The scope of our review of the superior court's decision is the same as for other civil cases — to determine whether the superior court committed an error of law. *See American Nat'l Ins. Co. v. Ingram*, 63 N.C. App. 38, 303 S.E. 2d 649, *cert. denied*, 309 N.C. 819, 310 S.E. 2d 348 (1983) (decided under former G.S. 150A-52). In reviewing the administrative decision, the superior court must apply the "whole record" test. *Savings & Loan Assoc. v. Savings & Loan Comm.*, 43 N.C. App. 493, 259 S.E. 2d 373 (1979).

> This test does not allow the reviewing court to replace the [agency's] judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo*. . . . Instead the reviewing court is required to examine all of the competent evidence, pleadings, etc., which comprise the 'whole record' to determine if there is substantial evidence *in the record* to support the administrative tribunal's findings and conclusions. . . . If, after all of the record has been reviewed, substantial competent evidence is found which would support the agency ruling, the ruling must stand.

*Id.* at 497-98, 259 S.E. 2d at 376 (emphasis original). Under the "whole record" test, the court must take into account matters which detract from the weight of the evidence supporting the decision. *General Motors Corp. v. Kinlaw*, 78 N.C. App. 521, 338 S.E. 2d 114 (1985). "Ultimately it must determine whether the decision has a rational basis in the evidence." *Id.* at 523, 338 S.E. 2d at 117.

"Retail" is "the sale of any tangible personal property in any quantity or quantities for any use or purpose on the part of the purchaser other than for resale." G.S. 105-164.3(13). "Wholesale sale" is "a sale of tangible personal property by a wholesale merchant to a manufacturer, or registered jobber or dealer, or registered wholesale or retail merchant, for the purpose of resale but does not include a sale to users or consumers not for resale." G.S.

**IN RE ASSESSMENT AGAINST STRAWBRIDGE STUDIOS**

[94 N.C. App. 300 (1989)]

105-164.3(24). The sale of tangible personal property by a wholesale merchant is taxable unless the property is sold to a registered retailer, wholesale merchant or nonresident retail or wholesale merchant. G.S. 105-164.5(2).

> For the purpose of the proper administration of [the record-keeping provisions of the Sales and Use Tax Article] and to prevent evasion of the retail sales tax, it shall be presumed that all gross receipts of wholesale merchants and retailers are subject to the retail sales tax until the contrary is established by proper records as required herein.

G.S. 105-164.26. In addition, "[t]he burden of proof that a sale of tangible personal property is not a sale at retail is upon the wholesale merchant or retailer who makes the sale unless he takes from the purchaser a certificate to the effect that the property is for resale." G.S. 105-164.28. The Sales and Use Tax Regulations provide:

> A purchaser of tangible personal property who is properly registered with the Sales and Use Tax Division of the Department of Revenue and is engaged in the business of selling tangible personal property at retail or wholesale and makes purchases of tangible personal property for the purpose of resale shall furnish to his vendors as their authority for not collecting the tax, either (1) a Certificate of Resale, Form E-590, or (2) other evidence in writing adequate to support the conclusion that he is registered with the Department of Revenue for sales and use tax purposes and that the property is being purchased for the purpose of resale. Such certificates or other written evidence shall be completed in duplicate and a copy retained by both the vendor and the vendee in their files. In the absence of such certificates or other adequate written evidence, vendors selling taxable tangible personal property to wholesale and retail merchants shall be deemed to be making retail sales and will be liable for collecting and paying the tax thereon at the applicable rate.

Sales & Use Tax Regulation 1(F). In this case, the taxpayer owes tax on the school picture sales to the students unless it can establish by a Certificate of Resale or other written evidence that it sold the pictures and annuals to the schools for resale.

[1] We first address those assignments of error relating to the "contract sales." The taxpayer contends that statements in the

Department of Revenue's internal correspondence and correspondence with the taxpayer's attorney stating that the "contract sales" are or appear to be sales for resale constitute evidence that the "contract sales" are wholesale sales. However, the Department's characterizations as wholesale sales or sales for resale do not stand alone in the record. In each case, the correspondence also makes it clear that in order to be taxable as wholesale sales the statutory and regulatory requirements must be met. The characterizations are not, as the taxpayer contends, judicial admissions that the requirements for wholesale taxation have been met.

To be taxed as a wholesale sale, the "contract sales" must meet the statutory requirements. The taxpayer must meet its burden of proof to overcome the presumption of a retail sale. G.S. 105-164.26 and 105-164.28. To overcome this presumption, the taxpayer must present either a Certificate of Resale, Form E-590, or other written evidence to support that the schools are registered with the Department of Revenue and that the pictures are being purchased for the purpose of resale. Sales & Use Tax Regulation 1(F). The taxpayer has not presented either a Form E-590 or other sufficient written evidence of registration and purchase for resale.

The taxpayer contends the burden of proof and requirement of a Form E-590 creates a conclusive presumption of retail sales which denies taxpayer due process and equal protection. We do not agree. Pursuant to G.S. 105-164.43 and G.S. 105-262, the Secretary of Revenue is required to promulgate rules and regulations to aid in assessing and collecting taxes. Regulation 1(F) merely elaborates on the proof required by G.S. 105-164.28. No part of the tax law requires the taxpayer to obtain a Form E-590 from the schools; the taxpayer may present other written evidence to establish that the schools are registered to pay the retail tax and that the pictures are purchased for resale. As taxpayer has not presented any evidence of registration or purchase for resale, we affirm the determination that taxpayer must pay tax on the "contract sales" to students.

[2] Next we address the assignments of error related to "commission" sales. The taxpayer contends that the findings of fact are not supported by the evidence and that the conclusions of law are erroneous. However, the taxpayer's own documents support the disputed findings of fact. In a letter to a school principal, the taxpayer's president explains that under the proof method each

student is photographed and provided one color picture. The letter states that the price of the packages available for order includes sales tax. Additionally, although the proof envelope describes the picture sales as a school project on which the school retains a commission, it does not say the school is selling the pictures. Moreover, the Principal's Report Sheets in the Record on Appeal show that the sales tax was collected on the sales to the students and was sent by the schools to the taxpayer. The evidence in the Record on Appeal supports the Secretary's finding and conclusions regarding the "commission" sales.

In its brief the taxpayer challenges a finding of an agency relationship between the taxpayer and the schools with regard to the "commission" sales. However, the findings of fact and conclusions of law do not state that an agency relationship exists. The findings and conclusions merely describe the schools acting as representatives of the taxpayer in taking orders, sending money and distributing proofs and picture packages. These findings and conclusions are supported by the evidence in the Record on Appeal.

The order of the superior court affirming the decision of the Secretary of Revenue and the Tax Review Board is affirmed.

Affirmed.

Judges ARNOLD and GREENE concur.