MEYERS v. DEPT. OF HUMAN RESOURCES

[105 N.C. App. 665 (1992)]

BRUCE McKINNON MEYERS v. DEPARTMENT OF HUMAN RESOURCES
OF THE STATE OF NORTH CAROLINA, AND THE STATE PERSONNEL
COMMISSION OF THE STATE OF NORTH CAROLINA

No. 913SC170

(Filed 17 March 1992)

1. **Administrative Law and Procedure § 64 (NCI4th)— judicial review of agency decision—applicable statute—place for seeking review**

Plaintiff's contested case filed in 1983 came to an end when the State Personnel Commission dismissed the personnel action against him pursuant to a Court of Appeals decision reversing his demotion and ordering that the action be dismissed due to a lack of proper notice. Therefore, plaintiff's January 1990 petition to the State Personnel Commission for reinstatement to his supervisory position, back pay, attorney fees and expungement of his record was a separate case rather than an extension of his initial case, and plaintiff was not required to seek review of the Commission's decision in the Wake County Superior Court under former N.C.G.S. § 150A-45 but could seek review in the superior court of the county of his residence under N.C.G.S. § 150B-45, which became effective on 1 January 1986.

**Am Jur 2d, Administrative Law § 737.**

2. **State § 12 (NCI3d)— State Personnel Commission—demotion reversed—reinstatement, back pay, attorney fees, and expungement**

The State Personnel Commission acted arbitrarily and capriciously in refusing to grant plaintiff's petition for reinstatement to his supervisory position, back pay, attorney fees and expungement of his record after the Court of Appeals reversed plaintiff's demotion and ordered that the personnel action against him be dismissed due to lack of proper notice.

**Am Jur 2d, Civil Service § 68.**

Judge WALKER dissenting.

APPEAL by respondents from an order filed on 13 November 1990 in CRAVEN County Superior Court by *Judge Frank R. Brown.* Heard in the Court of Appeals 13 November 1991.

Plaintiff, Bruce Meyers, was dismissed from State employment in October of 1983. He appealed his dismissal pursuant to the grievance procedures of the Department of Human Resources. Subsequent to a hearing, the hearing officer issued a report, on 20 July 1984, which recommended that plaintiff be reinstated because the dismissal was not in accordance with State policy. The dismissal was set aside but plaintiff was then demoted to a lower level, non-supervisory position. The demotion was appealed but the State Personnel Commission held, on 5 December 1985, that the action was justified. Plaintiff then appealed that decision to the Superior Court of Wake County, which dismissed the Petition for Judicial Review in light of its finding that the decision of the State Personnel Commission was proper in law and fact. Plaintiff appealed to the North Carolina Court of Appeals which reversed with instructions that the action against plaintiff be "dismissed" due to lack of proper notice. *Meyers v. Dep't of Human Resources*, 92 N.C. App. 193, 374 S.E.2d 280 (1988), *disc. rev. denied*, 324 N.C. 247, 377 S.E.2d 754 (1989).

On 9 January 1990 Mr. Meyers petitioned the State Personnel Commission for dismissal of the personnel action, reinstatement, back pay, attorney's fees and expungement of his record. The State Personnel Commission dismissed the personnel action but took no action with regard to reinstatement, back pay, attorney's fees and expungement of the record. This left plaintiff in a lower level position with lower pay and with essentially no remedy despite a Court of Appeals ruling in his favor.

On 8 March 1990, plaintiff filed a petition in Craven County Superior Court seeking judicial review of the decision of the State Personnel Commission in regard to reinstatement in his supervisory position, back pay, attorney's fees and expungement of his record. After a hearing on 8 October 1990, the trial court found that the State Personnel Commission had acted arbitrarily and capriciously and granted the plaintiff the relief sought. Respondents appeal.

*David P. Voerman for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Norma S. Harrell, for the State Personnel Commission.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Ann Reed, for the Department of Human Resources.*

LEWIS, Judge.

[1] Respondents argued that the Superior Court of Craven County lacked subject matter jurisdiction to hear this case under the provisions of N.C.G.S. § 150A-45, which was recodified as N.C.G.S. 150B effective 1 January 1986. They argue that this case commenced prior to the 1 January 1986 effective date of Chapter 150B and therefore is governed by 150A. N.C.G.S. § 150A-45 requires that any appeal from the State Personnel Commission be brought in Wake County Superior Court. Plaintiff, a resident of Craven County, argues that his filing in Craven County Superior Court was not an extension of the original case filed in 1983 but rather a separate "contested case" which he filed 9 January 1990 for reinstatement, back pay, attorney's fees and expungement of his record and that it falls under the new statute N.C.G.S. § 150B-45. Under the provisions of N.C.G.S. § 150B-43 and § 150B-45, plaintiff would then be an aggrieved person who had the right to seek judicial intervention and Craven County Superior Court would have jurisdiction since the new statute allows review in Wake County or in the county of plaintiff's residence.

[2] With plaintiff's argument, we agree. Upon dismissal of the action, ordered by this Court, *Meyers v. Dep't of Human Resources*, 92 N.C. App. 193, 374 S.E.2d 280 (1988), *disc. rev. denied*, 324 N.C. 247, 377 S.E.2d 754 (1989), plaintiff's contested case came to an end. Though not specifically articulated, implied in this Court's prior ruling was a return to the status quo as it existed prior to the demotion proceedings. After dismissal, there remained no reason to deprive plaintiff of his prior job status. The only impediment remained in the Commission's refusal to reinstate plaintiff. Now plaintiff seeks to enforce the remedy implied in this Court's dismissal order. We find the trial judge was correct in findings of fact 6(ee) of his order, that "under the provisions of North Carolina Administrative Code § .0432, the State Personnell [sic] Commission is required to reinstate Meyers, grant him back pay and attorney's fees. . . ." In addition, all records of these proceedings should be expunged from his personal record. To rule otherwise would be futile. The Commission has already refused to consider plaintiff's petitions. Requiring plaintiff to seek relief within the agency grievance procedures would be time consuming.

We distinguish this case from *Community Sav. & Loan Ass'n. v. North Carolina Sav. & Loan Commission*, 43 N.C. App. 493,

259 S.E.2d 373 (1979), in that the case at bar has been to the Court of Appeals and the Personnel Commission has refused to act on the intent of the order of this Court.

The trial court reviewed the record and found that the Personnel Commission's decision was "arbitrary and capricious." The trial court then went forward with very specific orders to correct the deficiencies of the Commission's actions. We agree that the Commission's refusal to take any action on plaintiff's petitions was arbitrary and capricious.

The Commission argues that it is not a necessary party. As it is the quasi-judicial branch of the agency, it had the power to act on plaintiff's petitions. It had not only the power, but the duty to do so as these actions were implied in the order of dismissal which it was directed to carry out.

The trial court's order of 10 October 1990 is

Affirmed.

Judge WELLS concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I respectfully dissent from that portion of the majority opinion which holds that upon dismissal of the personnel action by the State Personnel Commission, petitioner's contested case came to an end.

When petitioner's initial personnel action was previously before this Court it reversed the petitioner's demotion and mandated "that the matter be remanded to the [State Personnel] Commission with instructions that the action be dismissed due to lack of proper notice under Section 126-35." *Meyers v. Dept. of Human Resources*, 92 N.C.App. 193, 198, 374 S.E.2d 280, 283 (1988), *disc. review denied*, 324 N.C. 247, 377 S.E.2d 754 (1989). On or about 9 January 1990 petitioner filed a second petition for dismissal of the personnel action, reinstatement, back pay, attorney's fees and expungement of his record. On 9 February 1990 the Commission ordered that the personnel action be dismissed due to lack of proper notice under G.S. 126-35, but petitioner's other claims were not addressed.

Apparently the State Personnel Commission misconstrued this Court's instruction to "dismiss" the personnel "action" as ordering the dismissal of petitioner's "case." Since petitioner's "case" was not limited solely to the personnel action but was comprised of other pending claims which had arisen out of the same occurrence, including his claims for back pay, attorney's fees, and expungement of his record, it is my view that petitioner's contested case survived despite dismissal of the personnel action.

Having determined that petitioner's contested case continued and was commenced prior to 1 January 1986, G.S. 150A-45 would govern. Pursuant to this statute, Wake County Superior Court would be the proper forum in which to seek judicial review of the decision of the State Personnel Commission concerning petitioner's claims for reinstatement, back pay, attorney's fees, and expungement of his record. Craven County Superior Court would not have subject matter jurisdiction and petitioner's petition for judicial review, having been improperly filed, should have been dismissed.

In my judgment proper disposition of this case would require that the Commission's order dismissing the personnel action due to lack of proper notice under G.S. 126-35 be affirmed and the case remanded to Wake County Superior Court with directions to remand it to the State Personnel Commission for petitioner's reinstatement to a position comparable to the one he held on 19 October 1983. At that time the Commission must act upon petitioner's petition for back pay, attorney's fees and expungement of the record.