**KING v. N.C. ENVIRONMENTAL MGMT. COMM.**

[112 N.C. App. 813 (1993)]

RUTH A. KING, Plaintiff-Appellee v. NORTH CAROLINA ENVIRON-
MENTAL MANAGEMENT COMMISSION, COASTAL RESOURCES COM-
MISSION and DEPARTMENT OF ENVIRONMENT, HEALTH AND
NATURAL RESOURCES, Defendants-Appellants

No. 925SC1156

(Filed 7 December 1993)

**Environmental Protection, Regulation, and Conservation § 40
(NCI4th) — development of coastal lot — denial of request for
Water Quality Certification — sufficiency of evidence to sup-
port findings — trial court's substitution of own judgment for
that of agencies — error**

The trial court erred by substituting its own judgment
for that of the agencies in question when it reversed the EMC's
final agency decision denying plaintiff's request for a Federal
Clean Water Act, Section 401 Water Quality Certification, since
substantial evidence of record supported the EMC's finding
that the elimination of a wetland would lead to violation of
the water quality standards in the waters in adjacent Topsail
Sound and thus constitute the removal of a significant use
of the wetland in violation of the antidegradation rule, and
the findings of fact struck by the superior court were sup-
ported by substantial evidence and were neither arbitrary nor
capricious.

**Am Jur 2d, Public Lands §§ 17, 18.**

Appeal by defendants from judgment entered 29 July 1992
by Judge James D. Llewellyn in Pender County Superior Court.
Heard in the Court of Appeals 18 October 1993.

Plaintiff Ruth A. King owns an undeveloped tract of land adja-
cent to Topsail Sound off North Carolina Highway 50 in Surf City
located in Pender County. The property extends between two canals
that form a peninsula projecting into marshlands. In the 1970's,
the property was raised in elevation when spoil from the dredging
of the adjacent canals was placed on the outside perimeter of the
existing marshlands. The center two acres of the property remained
lower in elevation.

Mrs. King, who is 82 years old, had granted power of attorney
to her son, Walter A. Warren, for the development of this property.
In July of 1988, Mr. Warren was notified by the Coastal Area

Management Act (hereinafter CAMA) permit office for the Town of Surf City to immediately cease and desist from doing work on the property because no permit had been issued authorizing development within a designated area of environmental concern. In August of 1988, Mr. Warren received a letter from the U.S. Corps of Engineers requiring that he cease from any further work in waters or wetlands of the United States until he obtained permits. In this letter, the U.S. Corps of Engineers determined that the two-acre interior lowland was an adjacent freshwater wetland subject to the permitting requirements of Section 404 of the Federal Clean Water Act.

In March of 1989, plaintiff applied to the Division of Coastal Management (hereinafter DCM) to place fill material on the property, so that she could subdivide the land and build houses on it. Her application was placed on hold because it did not show either a storm water management plan submitted to the Division of Environmental Management (hereinafter DEM) or approval of the subdivision plan by the Town of Surf City. In July of 1989, plaintiff filed a contested case petition seeking review of the suspension of the processing of her application. On 18 July 1990, Administrative Law Judge Beecher R. Gray entered a consent order whereby plaintiff agreed to modify and clarify her permit application.

The modified application sought permission to construct a bulkhead around the outside perimeter of the property along an alignment to which DCM and the applicant had agreed in the consent order to place two feet of fill material in the two acres of interior wetlands, and to construct a marl/rock road over the proposed fill material along an alignment generally down the center of the property. The modified permit application requested that a permit be issued pursuant to CAMA and the Dredge and Fill Act, and that a water quality certification be issued by the DEM to the U.S. Corps of Engineers pursuant to Section 401 of the Federal Clean Water Act indicating the application was consistent with the State's water quality standards.

The DCM approved the request to bulkhead but denied the request to fill the interior two acres of wetlands. In its final agency decision, the Coastal Resources Commission (hereinafter CRC) held that the interior wetlands were not within a designated area of environmental concern. The CRC approved the permit application subject to certain identified conditions being included in the permit.

The condition most pertinent to this appeal requires that prior to undertaking development, the applicant obtain "all required permits and approvals, including a Section 401 Water Quality Certification from the Division of Environmental Management." .

The DEM denied the application for issuance of a Section 401 Water Quality Certification to the U.S. Corps of Engineers because the two-acre fill part of the project would violate the anti-degradation policy of the Environmental Management Commission (hereinafter EMC) by eliminating the existing use of the wetland as a nutrient and sediment filter. The EMC adopted the recommended decision of Administrative Law Judge Gray upholding the denial of plaintiff's request for a Section 401 Water Quality Certification.

On 10 December 1991, plaintiff filed a petition for judicial review in which she requested reversal of the final agency decision of the EMC and modification of the final agency decision of the CRC. On 29 July 1992, Judge Llewellyn entered an order that reversed the final agency decision of the North Carolina Department of Environment, Health and Natural Resources, Division of Environmental Management. Defendant appeals.

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorneys General Daniel F. McLawhorn and Francis W. Crawley, for defendant-appellant.*

WELLS, Judge.

This appeal presents the question of whether the superior court erred by substituting its own judgment for that of the agencies in question when it reversed the EMC's final agency decision denying plaintiff's request for a Section 401 Water Quality Certification. We hold that the court did err and reverse.

In an order dated 29 July 1992, the superior court reversed the final agency decision of the North Carolina Department of Environmental Health and Natural Resources. In pertinent part, the court found that the findings of fact contained in paragraphs 28, 30 and 39 were in excess of the statutory authority of the agency, were not supported by substantial admissible evidence, and were arbitrary and capricious.

The standard for judicial review is set forth in N.C. Gen. Stat. § 150B-51(b), which states that a reviewing court may modify or reverse an agency's decision if the substantial rights of the petitioner may have been prejudiced because the agency's findings, conclusions, inferences, or decisions are affected by other error of law, are unsupported by substantial evidence, or are arbitrary or capricious. N.C. Gen. Stat. § 150B-51(b). When it is alleged on appeal that the agency's findings, conclusions, or decisions are unsupported by substantial evidence or that they are arbitrary or capricious, then the proper standard of review is the whole record test. *Wiggins v. N.C. Dept. of Human Resources*, 105 N.C. App. 302, 413 S.E.2d 3 (1992). Our review of a final agency decision is limited to determining whether the trial court failed to properly apply the review standard set forth in N.C. Gen. Stat. § 150B-51. *In re Kozy*, 91 N.C. App. 342, 371 S.E.2d 778 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). Therefore, the question on appeal is whether the trial court properly applied the whole record test in this case.

Under the whole record test, the reviewing court must examine all competent evidence to determine if there is substantial evidence to support the administrative agency's findings and conclusions. *Community Savings & Loan Association v. North Carolina Savings and Loan Commission*, 43 N.C. App. 493, 259 S.E.2d 373 (1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and is more than a scintilla or a permissible inference. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E.2d 538 (1977). The reviewing court should consider not only that evidence which supports the agency's result, but should also take into account contradictory evidence or evidence from which conflicting inferences could be drawn. *Id.*, 292 N.C. 406, 233 S.E.2d 538 (1977). Finally, the reviewing court must determine whether the administrative decision had a rational basis in the evidence. *Overton v. Board of Education*, 304 N.C. 312, 283 S.E.2d 495 (1981). Under the whole record test, the probative value of particular testimony is for the administrative agency to determine and this standard of review does not allow the reviewing court to substitute its judgment for that of the agency. *Webb v. N.C. Dept. of Environment, Health, and Natural Resources*, 102 N.C. App. 767, 404 S.E.2d 29 (1991). Additionally, the whole record test recognizes the special knowledge of the staff and the agency. *High Rock Lake Association v. N.C. Environ-*

*mental Management Commission*, 51 N.C. App. 275, 276 S.E.2d 472 (1981).

Plaintiff contends that the agency's findings were unsupported by substantial evidence and were arbitrary and capricious. We disagree.

The record is replete with evidence in support of the agency's findings, and indeed each finding of fact was supported by testimony given at the administrative hearing. Finding of fact no. 28 concerned the identification of the two-acre area as an adjacent freshwater wetland and the manner in which its function as a filter for the nutrients and sediment protecting the shellfishing waters from deleterious effects would be lost if it were filled. Finding of fact no. 30 contained observations made by a wildlife biologist and a marine fisheries biologist from a site visit and their opinions as to the harmful effects that would result from filling the two-acre area. The wildlife biologist found that wildlife species commonly found in coastal wetlands would be expected to live in or use the wetland and that they would be displaced or killed by the proposed filling. The marine fisheries biologist concluded that significant adverse effects on the adjacent wetlands would occur if the area were filled. Finding of fact no. 39 stated that the DEM staff had concluded that reasonable alternatives to the preferred manner of developing the site existed which would reduce the magnitude of harm to the wetlands. Additionally, it concluded that plaintiff had conducted no investigation of alternatives and had made no showing that these alternatives were not practicable.

Site visits were made by DCM, DEM, and Corps of Engineers' employees with expertise in the area of wetlands. Based on these visits, reports were made and testimony was given that demonstrated that the area in question was only a few inches higher than the water table; that it had growing on it three species of vegetation typical of saturated soils; that it captured runoff from the interior portion of the eight-acre tract; that it acted as a filter to remove sediment and nutrients in the runoff and prevent them from entering the surrounding shellfish waters; and that this existing, beneficial use of the wetlands would be lost if the area were filled. In separate visits, biologists employed by the Wildlife Resources Commission and the Marine Fisheries Commission reached similar conclusions.

Under the whole record test, the probative value of testimony is for the agency to determine, and the reviewing court must not

substitute its evaluation of the evidence for that of the agency. *Webb v. N.C. Dept. of Environment, Health, and Natural Resources*, 102 N.C. App. 767, 404 S.E.2d 29 (1991). Applying the principles of the whole record test to the record before this Court, substantial evidence of record supports the EMC's finding that the elimination of the wetland would lead to violation of the water quality standards in the waters in adjacent Topsail Sound and thus constitute the removal of a significant use of the wetland in violation of the antidegradation rule. Clearly, the findings of fact struck by the superior court were supported by substantial evidence and were neither arbitrary nor capricious. Therefore, we hold that the superior court erred by substituting its own judgment for that of the agencies in question. Since the State was the only party to file a notice of appeal, we do not reach the issues raised in plaintiff's cross-appeal.

For the reasons stated above, the order of the superior court is hereby

Reversed.

Chief Judge ARNOLD and Judge JOHNSON concur.