436 S.E.2d 865 (1993)
Ruth A. KING, Plaintiff-Appellee,
v.
NORTH CAROLINA ENVIRONMENTAL MANAGEMENT COMMISSION, Coastal Resources Commission and Department of Environment, Health and Natural Resources, Defendants-Appellants.
No. 925SC1156.
Court of Appeals of North Carolina.
December 7, 1993.
*867 Wheatly, Wheatly, Nobles & Weeks, P.A. by C.R. Wheatly, III, Beaufort, for plaintiff-appellee.
Attorney Gen. Lacy H. Thornburg by Sp. Deputy Attys. Gen. Daniel F. McLawhorn and Francis W. Crawley, Raleigh, for defendant-appellant.
WELLS, Judge.
This appeal presents the question of whether the superior court erred by substituting *868 its own judgment for that of the agencies in question when it reversed the EMC's final agency decision denying plaintiff's request for a Section 401 Water Quality Certification. We hold that the court did err and reverse.
In an order dated 29 July 1992, the superior court reversed the final agency decision of the North Carolina Department of Environmental Health and Natural Resources. In pertinent part, the court found that the findings of fact contained in paragraphs 28, 30 and 39 were in excess of the statutory authority of the agency, were not supported by substantial admissible evidence, and were arbitrary and capricious.
The standard for judicial review is set forth in N.C.Gen.Stat. § 150B-51(b), which states that a reviewing court may modify or reverse an agency's decision if the substantial rights of the petitioner may have been prejudiced because the agency's findings, conclusions, inferences, or decisions are affected by other error of law, are unsupported by substantial evidence, or are arbitrary or capricious. N.C.Gen.Stat. § 150B-51(b). When it is alleged on appeal that the agency's findings, conclusions, or decisions are unsupported by substantial evidence or that they are arbitrary or capricious, then the proper standard of review is the whole record test. Wiggins v. N.C. Dept. of Human Resources, 105 N.C.App. 302, 413 S.E.2d 3 (1992). Our review of a final agency decision is limited to determining whether the trial court failed to properly apply the review standard set forth in N.C.Gen.Stat. § 150B-51. In re Kozy, 91 N.C.App. 342, 371 S.E.2d 778 (1988), disc. review denied, 323 N.C. 704, 377 S.E.2d 225 (1989). Therefore, the question on appeal is whether the trial court properly applied the whole record test in this case.
Under the whole record test, the reviewing court must examine all competent evidence to determine if there is substantial evidence to support the administrative agency's findings and conclusions. Community Savings & Loan Association v. North Carolina Savings and Loan Commission, 43 N.C.App. 493, 259 S.E.2d 373 (1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and is more than a scintilla or a permissible inference. Thompson v. Board of Education, 292 N.C. 406, 233 S.E.2d 538 (1977). The reviewing court should consider not only that evidence which supports the agency's result, but should also take into account contradictory evidence or evidence from which conflicting inferences could be drawn. Id., 292 N.C. 406, 233 S.E.2d 538 (1977). Finally, the reviewing court must determine whether the administrative decision had a rational basis in the evidence. Overton v. Board of Education, 304 N.C. 312, 283 S.E.2d 495 (1981). Under the whole record test, the probative value of particular testimony is for the administrative agency to determine and this standard of review does not allow the reviewing court to substitute its judgment for that of the agency. Webb v. N. C. Dept. of Environment, Health, and Natural Resources, 102 N.C.App. 767, 404 S.E.2d 29 (1991). Additionally, the whole record test recognizes the special knowledge of the staff and the agency. High Rock Lake Association v. N.C. Environmental Management Commission, 51 N.C.App. 275, 276 S.E.2d 472 (1981).
Plaintiff contends that the agency's findings were unsupported by substantial evidence and were arbitrary and capricious. We disagree.
The record is replete with evidence in support of the agency's findings, and indeed each finding of fact was supported by testimony given at the administrative hearing. Finding of fact no. 28 concerned the identification of the two-acre area as an adjacent freshwater wetland and the manner in which its function as a filter for the nutrients and sediment protecting the shellfishing waters from deleterious effects would be lost if it were filled. Finding of fact no. 30 contained observations made by a wildlife biologist and a marine fisheries biologist from a site visit and their opinions as to the harmful effects that would result from filling the two-acre area. The wildlife biologist found that wildlife species commonly *869 found in coastal wetlands would be expected to live in or use the wetland and that they would be displaced or killed by the proposed filling. The marine fisheries biologist concluded that significant adverse effects on the adjacent wetlands would occur if the area were filled. Finding of fact no. 39 stated that the DEM staff had concluded that reasonable alternatives to the preferred manner of developing the site existed which would reduce the magnitude of harm to the wetlands. Additionally, it concluded that plaintiff had conducted no investigation of alternatives and had made no showing that these alternatives were not practicable.
Site visits were made by DCM, DEM, and Corps of Engineers' employees with expertise in the area of wetlands. Based on these visits, reports were made and testimony was given that demonstrated that the area in question was only a few inches higher than the water table; that it had growing on it three species of vegetation typical of saturated soils; that it captured runoff from the interior portion of the eight-acre tract; that it acted as a filter to remove sediment and nutrients in the runoff and prevent them from entering the surrounding shellfish waters; and that this existing, beneficial use of the wetlands would be lost if the area were filled. In separate visits, biologists employed by the Wildlife Resources Commission and the Marine Fisheries Commission reached similar conclusions.
Under the whole record test, the probative value of testimony is for the agency to determine, and the reviewing court must not substitute its evaluation of the evidence for that of the agency. Webb v. N.C. Dept. of Environment, Health, and Natural Resources, 102 N.C.App. 767, 404 S.E.2d 29 (1991). Applying the principles of the whole record test to the record before this Court, substantial evidence of record supports the EMC's finding that the elimination of the wetland would lead to violation of the water quality standards in the waters in adjacent Topsail Sound and thus constitute the removal of a significant use of the wetland in violation of the antidegradation rule. Clearly, the findings of fact struck by the superior court were supported by substantial evidence and were neither arbitrary nor capricious. Therefore, we hold that the superior court erred by substituting its own judgment for that of the agencies in question. Since the State was the only party to file a notice of appeal, we do not reach the issues raised in plaintiff's cross-appeal.
For the reasons stated above, the order of the superior court is hereby
Reversed.
ARNOLD, C.J., and JOHNSON, J., concur.