TIFFANY BOWICK-RICHARDSON, Petitioner,
v.
FAYETTEVILLE STATE UNIVERSITY, Respondent.
No. COA07-983
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
James H. Locus, Jr., for petitioner.
Attorney General Roy Cooper, by Assistant Attorney General Q. Shanté Martin, for respondent.
ELMORE, Judge.
Tiffany Bowick-Richardson (petitioner) was an administrative secretary in the Advisement and Career Services Center at Fayetteville State University (respondent). On 3 February 2005, respondent fired petitioner, alleging unacceptable personal conduct in the form of inappropriate reimbursement requests.
Petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings on 16 June 2005, claiming that she was terminated without just cause. Administrative Law Judge (ALJ) Melissa Owens Lassiter filed a decision on the matter on 23 August 2006, ruling that respondent had just cause toterminate petitioner based on one check (check no. 587277) for which she allegedly improperly requested reimbursement. Petitioner appealed to the State Personnel Commission (SPC), which held in its final decision and order that the ALJ's decision regarding check no. 587277 was appropriate, and, additionally, that petitioner's behavior in requesting reimbursement for two other checks also constituted just cause for termination.
Petitioner then petitioned for judicial review, and on 19 June 2007, Superior Court Judge Susan C. Taylor entered an order affirming the SPC's determination that petitioner could have been properly terminated based on any of the three checks. Petitioner now appeals to this Court.
Petitioner's first argument on appeal is that the superior court erred in applying a de novo standard of review. Petitioner contends that the proper standard of review was the whole record test, and that by applying an incorrect standard of review, the superior court committed an error of law. We disagree.
Our statutes mandate:
In reviewing a final decision in a contested case in which an administrative law judge made a decision, in accordance with G.S. 150B-34(a), and the agency does not adopt the administrative law judge's decision, the court shall review the official record, de novo, and shall make findings of fact and conclusions of law.
N.C. Gen. Stat. § 150B-51(c) (2007). Petitioner urges this Court to hold that because the SPC agreed with a part of the ALJ's decision, it "adopted" the decision and removed the case from the standard of review prescribed by N.C. Gen. Stat. § 150B-51(c)(2007). We decline to do so. Agreeing with one section of a decision does not constitute adoption of it. Accordingly, the SPC did not adopt the ALJ's decision, and the superior court correctly applied a de novo review.
Petitioner next argues that the superior court erred in affirming the SPC's holding that just cause existed. Petitioner assigns error to a huge number of the superior court's findings of fact and conclusions of law. We note preliminarily that we review only those findings of fact specifically contested in petitioner's brief. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." State v. McNeill, 360 N.C. 231, 241, 624 S.E.2d 329, 336 (2006) (quoting N.C.R. App. P. 28(b)(6) and citing State v. Augustine, 359 N.C. 709, 731 n.1, 616 S.E.2d 515, 531 n.1 (2005)).
Additionally, it is not necessary for us to consider all of the issues petitioner raises: "One act of [unacceptable personal conduct] presents `just cause' for any discipline, up to and including dismissal." Hilliard v. N.C. Dep't of Corr., 173 N.C. App. 594, 597, 620 S.E.2d 14, 17 (2005) (citing 25 N.C.A.C. 1J.0604(a), 1J.0608(a), 1J.0612(a)(3), and 1J.0614(i) (2003)). Accordingly, if this Court finds that the superior court's findings of fact as to any one of the alleged fraudulent checks are supported by the evidence and in turn support the trial court's conclusions of law, we must affirm the superior court's order. Because all three bodies that previously considered this issue found that petitioner fraudulently obtained university funds through check no. 587277, we will focus our inquiry on that check. The superior court's findings of fact as to that check are encompassed in findings of fact nos. 50-67, and its conclusion of law dealing with that check is no. 13.
Petitioner's primary argument in her brief is that because there was evidence showing that her 23 July 2004 check request was not inappropriate, the superior court erred in its determination that it was. However, this approach is not supported by our statutory scheme; this Court must uphold the superior court's findings of fact "if supported by substantial evidence." N.C. Gen. Stat. § 150B-52 (2007). We therefore review the superior court's findings of fact to determine whether they are "supported by substantial evidence"; we hold that they are.
Petitioner specifically argues that finding of fact no. 52, which states, in part, that petitioner "received the yellow carbon copy" of invoices, is unsupported by the evidence. However, petitioner's signature is on the invoices, and there was testimony establishing that the bookstore's general practice was to deliver the yellow copy to the customer. Likewise, we are unpersuaded by petitioner's contention that finding of fact no. 67 is unsupported. Finding of fact no. 67 states, in part, that "[p]etitioner attached altered copies of FSU Bookstore invoices . . . to her July 23, 2004 check request form as supporting documentation." The superior court specifically found that petitioner's explanations as to the alterations, the monetary amounts listed, and her application for the purchase order requests were unreasonable and unbelievable. Moreover, as the superior court also noted, there was no other person who would benefit from altering the invoices.
The remainder of petitioner's argument in this section of her brief merely presents this Court with a synopsis of her testimony and the evidence that petitioner believes to be favorable to her case. As stated above, however, our review is limited to a determination of whether the superior court's findings of fact are "supported by substantial evidence." N.C. Gen. Stat. § 150B-52 (2007). We hold that they are.
Petitioner next argues that the superior court erred in holding that the dismissal letter was sufficiently specific to provide petitioner with notice. We disagree.
Our administrative code mandates:
(b) Prior to dismissal of a career employee on the basis of unacceptable personal conduct, there shall be a pre-dismissal conference between the employee and the person recommending dismissal. This conference shall be held in accordance with the provisions of 25 NCAC 1J .0613.
(c) Dismissals for unacceptable personal conduct require written notification to the employee. Such notification must include specific reasons for the dismissal and notice of the employee's right of appeal.
25 N.C.A.C. 1J.0608(b)-(c) (2008).
Petitioner's pre-dismissal conference was held 2 February 2005; she also received a letter outlining, in detail, the reasonsfor her dismissal dated that same day. Petitioner's argument is without merit.
Finally, petitioner argues that the superior court erred in failing to obtain an official record from the Office of Administrative Hearings. Petitioner is correct, and respondent concedes, that the superior court's failure to actually review the official record was error. However, based on our review of the whole record, we find the error to be harmless. Accordingly, we affirm the superior court's order.
Affirmed.
Judges MCCULLOUGH and ARROWOOD concur.
Report per Rule 30(e).