IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-47

Filed 15 October 2025

Office of Administrative Hearings, No. 24 OSP 03289

CARMEN T. O'SULLIVAN, Petitioner,

v.

HYDE COUNTY HEALTH DEPARTMENT LUANA GIBBS HEALTH DIRECTOR, Respondent.

Appeal by Respondent from final decision entered 2 October 2024 by Administrative Law Judge Michael C. Byrne in the Office of Administrative Hearings. Heard in the Court of Appeals 13 August 2025.

> *Cranfill Sumner LLP, by Benton L. Toups and Tammy L. Neil, for Respondent-Appellant.*
>
> *No brief filed on behalf of Carmen T. O'Sullivan for Pro Se Plaintiff-Appellee.*

COLLINS, Judge.

Respondent Hyde County Health Department Luana Gibbs appeal from a final decision of the Office of Administrative Hearings dismissing without prejudice Petitioner Carmen T. O'Sullivan's petition for a contested case hearing challenging her dismissal from employment with the Health Department. Respondent contends that the Administrative Law Judge erred by concluding that Respondent provided Petitioner insufficient notice of her appeal rights. We affirm the final decision.

## I.    Background

Petitioner was employed by the Health Department as a "career status employee," as defined by N.C. Gen. Stat. §§ 126–1.1, 126–5(a)(2)c.  On 6 August 2024, Respondent dismissed Petitioner from her employment with the Department for "unacceptable personal conduct," as defined by 25 NCAC 01I.2304(b).  Respondent gave Petitioner a dismissal letter explaining the specific reasons for her dismissal and the effective date of dismissal, and also stating the following: "As an employee with career status, you have the right to appeal this decision.  Attached is a copy of the Hyde County Health Department's Appeals Policy."

Attached to the dismissal letter was a copy of the Health Department's three-page appeals policy, in accordance with 25 NCAC 01I.2304(d).  The policy included an explanation of a two-step appeals process for career status employees — first to the Department Director and then to the Office of Administrative Hearings ("OAH") — and the time limits for each step.  Petitioner did not appeal her dismissal to the Department Director and, instead, filed a petition for a contested case hearing with the OAH on 23 August 2024.

On 2 October 2024, the Administrative Law Judge ("ALJ") issued a final decision dismissing Petitioner's petition without prejudice.  The ALJ concluded that "Respondent failed to give Petitioner legally sufficient notice of her applicable appeal rights in the dismissal letter . . . ."  Accordingly, the ALJ concluded that "Petitioner's claims must be dismissed **without prejudice** pending completion of the internal

grievance policy."

Respondent appeals.

## II. Discussion

Respondent contends that the ALJ erred in dismissing Petitioner's petition without prejudice because the dismissal letter and attached Appeals Policy satisfied the notice requirement in N.C. Gen. Stat. § 126-35(a). Because the time for Petitioner to appeal to the Department Director had expired, Respondent argues that Petitioner's petition for a contested case hearing must be dismissed with prejudice. We disagree.

N.C. Gen. Stat. § 126-35(a) establishes conditions that must be satisfied before disciplinary action is taken against a career State employee. *Emp. Sec. Comm'n v. Wells*, 50 N.C. App. 389, 392 (1981). Pursuant to that statute, before a career State employee may be disciplined or dismissed for just cause, the employee must "be furnished with a statement in writing setting forth the specific acts or omissions that are the reasons for the disciplinary action and the employee's appeal rights." N.C. Gen. Stat. § 126-35(a) (2024). The employee has "15 days from the date the statement is delivered to appeal to the head of the agency through the agency grievance procedure for a final agency decision." *Id.*

In *Leiphart v. North Carolina School of Arts*, this Court addressed whether a dismissal letter given to the petitioner met the requirement of N.C. Gen. Stat. § 126-35 "that the employee be furnished with a written statement setting forth his

appeal rights." 80 N.C. App. 339, 352 (1986). There, the dismissal letter stated: "You may choose to appeal this decision within 30 days in writing to the State Personnel Office, Employee Relations Division." *Id.* In addition, the letter was accompanied by a copy of the school's grievance procedure. *Id.* We held that the dismissal letter "adequately informed" the petitioner of his appeal rights and thus "complied with all the requirements" of N.C. Gen. Stat. § 126-35. *Id.*

Here, the dismissal letter stated only, "As an employee with career status, you have the right to appeal this decision. Attached is a copy of the Hyde County Health Department's Appeals Policy." Attached to the letter was a copy of Respondent's appeals policy. Unlike the letter in *Liephart*, the letter here failed to notify Petitioner of her "appeal rights" under N.C. Gen. Stat. § 126-35(a) – the right, the procedure, and the time limit to appeal. The purpose of the written statement required by section 126-35(a) is to "advise [the employee] of his rights to appeal the disciplinary action." *Luck v. Emp. Sec. Comm'n*, 50 N.C. App. 192, 194 (1980). Obscuring this information in an attached policy document, as happened here, fails to implement the legislature's intent. Thus, unlike the letter in *Leiphart*, the letter here failed to adequately inform Petitioner of her appeal rights and therefore failed to comply with all the requirements of N.C. Gen. Stat. § 126-35.

Accordingly, the ALJ did not err by dismissing Petitioner's petition without prejudice.

### III. Conclusion

For the reasons above, we affirm the final decision.

AFFIRMED.

Chief Judge DILLON and Judge WOOD concur.